BISSETT (KETLAND v.). See Case No. 7,742.

BITTINGER (UNITED STATES v.). See Cases Nos. 14,598 and 14,599.

---

## Case No. 1,451.

### BIXBY et al v. COUSE et al.

[8 Blatchf. 73.][1]

Circuit Court, S. D. New York. Nov. 14, 1870.

REMOVAL OF CAUSES — BY TWO OF SEVERAL DEFENDANTS—PETITION.

1. Under the act of July 27th, 1866 (14 Stat. 306 [c. 288]), two out of several defendants in a suit cannot remove the suit, as between the plaintiff and such two defendants, into this court, unless there can be a final determination of the controversy, so far as it concerns such two defendants, without the presence of the rest of the defendants.

2. Under the act of March 2d, 1867 (Id. 558 [c. 196]), all the defendants in a suit, who are not merely nominal defendants, must be citizens of a state or states other than the state in which the suit is brought, and must unite in the petition for removal, or there can be no removal of the suit.

[Cited in Grover & B. S. M. Co. v. Florence S. M. Co., 18 Wall. (85 U. S.) 587; New Jersey Zinc Co. v. Trotter, Case No. 10,167.]

[See Myers v. Swann, 107 U. S. 546, 2 Sup. Ct. 685.]

[At law. Action by Francis M. Bixby and others against Eleazer M. Couse, William H.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

De Camp, and others. Plaintiffs move to vacate an order of removal from the state court. Motion granted.]

Spaulding & Richardson, for plaintiffs.
Brown & Estes, for Couse and De Camp.
Joseph W. Howe, for other defendants.

BLATCHFORD, District Judge. So far as this case is undertaken to be removed into this court as against the defendants Couse and De Camp, under the act of July 27th, 1866 (14 Stat. 306 [c. 288]), I am not satisfied that there can be a final determination of the controversy, so far as it concerns them, without the presence of the defendants who did not petition for the removal of the cause, being all the defendants except Couse and De Camp. As the case is not here by virtue of any order by the state court for its removal, I must assume that the state court has not determined that it is satisfied that there can be such final determination. Unless there can be such final determination, the removal of the cause cannot be made, as between the plaintiffs, on the one side, and Couse and De Camp alone, as defendants, on the other side.

In regard to the supposed removal of the cause under the act of March 2d, 1867 (14 Stat. 558 [c. 196]), being the act in regard to prejudice or local influence, the proper construction of that act, in analogy to the construction which has always obtained in respect to the 12th section of the judiciary act of September 24th, 1879 (1 Stat. 79), is, that all the defendants in a suit, who are not merely nominal defendants, must be citizens of a state or states other than the state in which the suit is brought, and must unite in the petition for removal, or there can be no removal of the suit. In this case, the defendants other than Couse and De Camp are not shown to be merely nominal defendants, and they did not unite in the petition for removal, and two of them are citizens of the state in which the suit is brought.

The motion by the plaintiffs to vacate the order entered in this court on the 4th of April, 1870, directing that this cause proceed in this court, is granted.