JAMES STINSON

*vs.*

THE ST. PAUL, STILLWATER AND TAYLOR'S FALLS R. R. CO.

The act of Congress of March 2, 1867, relating to the removal of suits from a state court to a United States circuit court, has no application to a controversy between a citizen of the state in which the suit is brought, and an alien.

Appeal by Stinson from an order of the district court for Ramsey county, denying his petition for removal of this proceeding to the United States circuit court.

R. B. GALUSHA and C. K. DAVIS, for Appellant, to the point, that a proceeding for condemation of lands for railroad purposes is an "action," or "suit," cited 13 *How. Pr.* 400; *Stephen Pl.* 427; *Wharton's Law Dict.* p. 717, "*Suit*"; *Bouvier's Law Dict.* 558; 1 *Chitty Pl.* 399; 1 *Kent,* 321; 9 *Wheat.* 738; *McCool vs. Smith,* 1 *Black,* 459; *Weston vs. Com. Council,* 2 *Pet.* 449; *Parker vs. Overman,* 18 *How.* 137.

A. B. STICKNEY and JAMES L. BISHOP, for Respondent.

*By the Court.*—BERRY, J.—Commissioners, acting under the provisions of *title* 1, *chap.* 34, *Gen. Stat.,* having assessed the damages resulting from the appropriation of appellant's land by the respondent, for the purposes of its railroad and telegraph line, the appellant appealed from the assessment to the district court for Ramsey county. The appeal bond was duly approved and filed in the clerk's office, December 2, 1871, and the notice of appeal, after due service upon respondent, was

filed December 4, 1871. As late as December 8, 1872, appellant filed in said court a petition for the removal of this "action," or "suit," (as he styles it,) to the United States circuit court for the district of Minnesota. The petition sets forth, *inter alia*, that appellant is " defendant " in the foregoing entitled " action," that " said suit was brought and is now pending in the district court," above named, that the " plaintiff," (*i. e.*, the respondent,) is a Minnesota corporation, that the " defendant " was, at the time " this suit was brought," ever since has been, and now is " an alien, a citizen of Canada, and a subject of Great Britain," and proceeds to allege that defendant " has reason to and does believe that, both from prejudice, and local bias and influence, he will not be able to obtain justice in such state court." A removal of the " cause " to the circuit court is prayed for, proper security being offered. The court below denied the motion for removal, and from the order of denial the appellant, (Stinson,) appeals to this court.

The appellant contends that he is entitled to the removal, under the provisions of the act of congress of March 2, 1867, (14 *Stat. at Large*, 558,) with reference to which his petition is evidently framed. This act provides " that where a suit is now pending, or may hereafter be brought, in any state court, in which there is controversy between a citizen of the state in which the suit is brought, and a citizen of another state, such citizen of another state, whether he be plaintiff or defendant," may, upon taking certain prescribed steps, " at any time before the final hearing or trial of the suit," procure the removal thereof to the next circuit court of the United States, &c.

Whether the appeal pending in the court below is a " suit," or not, is a question not altogether free from difficulty. *See West vs. Aurora City*, 6 *Wall.* 139; *White vs. The City*, 8 *Phil.* (*Pa.*) 241, cited 4 *U. S. Dig.* (*N. S.*) 214; *United States vs.*

*Block* 121, 3 *Bissell,* 208 ; *Weston vs. Com. Council,* 2 *Pet.* 449 ; *Parker vs. Overman,* 18 *How.* 137. This question need not, however, be now determined, as this case may properly be disposed of upon another ground. It appears by the appellant's own showing, that he is " an alien, a citizen of Canada, and a subject of Great Britain." This fact takes him out of the act of 1867, *supra ;* that act, by its terms, applying only to controversies between " a citizen of the state in which the suit is brought and a citizen of another state." For this reason, then, the application for the removal was properly denied. *Knickerbocker Life Ins. Co. vs. Gorbach,* 70 *Penn. St.* 150 ; *Bixby vs. Couse,* 8 *Blatchf.* 73 ; *Johnson vs. Monell* 1, *Woolw.* 395 ; *Sands vs. Smith,* 1 *Dillon,* 296.

The appellant does not claim to be entitled to the removal under section 12 of the judiciary act of 1789, ( 1 *Stat. at Large,* 79,) nor under the act of July 27, 1866, (14 *Stat. at Large,* 306.) It is, therefore, quite unnecessary for us to consider the inapplicability of these acts to the facts of the present case, as above stated. Order affirmed.