## Hanover Fire Ins. Co. *v.* Keogh and others.

*(Circuit Court, S. D. New York.   May 28, 1881.)*

1. Removal.

    Where A., B. and C. on the one side, and D. on the other, are necessary parties to the claim of D. on the fund in controversy, the case is not removable if A. and D. are citizens of the same state, although the other two parties are citizens of another state.

Blatchford, C. J.   The petition for removal alleges that there is no controversy between Estes and Keogh, and that the controversies to which Keogh is a party in the suit, or in which he is interested, are all between Keogh and citizens of New York, namely, Williams, Black & Co., and the Blossoms.   But, the pleadings having all been put in before the petition for removal was filed, the controversies, and the questions as to who are the real parties to them, must be judged of by those pleadings.   They show that Williams,

Black & Co. claim under an assignment made by Estes to them, June 20, 1871; that the Blossoms claim under an attachment against Estes, made October 30, 1869; that Keogh claims under an attachment against Estes made February 9, 1878; that Williams, Black & Co. claim that the Blossoms and Keogh have no valid claims under their attachment; that the Blossoms claim priority to Williams, Black & Co., and to Keogh; that Keogh claims that the assignment to Williams, Black & Co. is void as to him, and that his attachment is superior in right to that of the Blossoms; and that Estes sets up in his answer that the attachments of the Blossoms and of Keogh have become invalidated and are of no force, and that the assignment to Williams, Black & Co. is valid. It is apparent that Keogh has no *status* to attack either the attachment of the Blossoms or the assignment to Williams, Black & Co., unless he has a valid attachment against Estes, and that Estes is entitled to be heard on that question, under the pleadings, and is a necessary party to that controversy. Claiming, as Estes does in his answer, that the interest he assigned to Williams, Black & Co. shall go towards paying his debt to them, and that that result cannot be prevented by the prior attachment of the Blossoms, because of its invalidity, he is clearly interested in maintaining, as against Keogh, and has a right to do so, under his answer and the other pleadings, the contrary of what Keogh asserts. He was a necessary party to any controversy between Keogh and the Blossoms, and to any controversy between Keogh and Williams, Black & Co. Moreover, Keogh cannot reach the fund by successfully attacking the attachment of the Blossoms, without also successfully attacking the assignment to Williams, Black & Co.; and Estes is, on his answer and its allegations, a necessary party to any attack on that assignment, interested in having it maintained to pay *pro tanto* his debt to them. So Estes, the Blossoms, and Williams, Black & Co., on the one side, and Keogh on the other, are necessary parties to the claim Keogh makes on the fund; and Estes and Keogh, being both of them citizens of North Carolina, the case was not remov-

able, although the other two parties were citizens of New York. These views apply to the original removal, as well as to that attempted at the trial.

The case must, therefore, be remanded, with costs, and so must the other three cases.