CLARK, by Guardian, etc., *v.* CHICAGO, M. & ST. P. RY. Co.

SWEET'S ADM'RS *v.* CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, D. Minnesota.* April, 1882.)

1. REMOVAL OF CAUSE—ACT OF 1866.

    The second subdivision of section 639 of the Revised Statutes was repealed by the act of 1875, so far as subdividing the cause of action.

2. SAME—ACT OF 1875.

    Where the petition contains all the jurisdictional facts necessary to effect a removal under the second clause of the second section of the act of March 3, 1875, but the prayer of the petition did not ask for the removal of the entire suit, the cause will be remanded.

3. SAME—JURISDICTION.

    When a sufficient case for removal is made in the state court the jurisdiction of that court is at an end, and the jurisdiction of the federal court attaches, and the fact that only a part of the record is filed in the federal court will not oust its jurisdiction.

4. JOINT TORT-FEASORS—SEVERABLE ACTION—RIGHT OF REMOVAL.

    Where an action is brought against a resident and non-resident defendant sounding in tort, and each is liable as a wrong-doer, and the controversy is severable, the party bringing the suit cannot, by joining the non-resident defendant, debar him from asserting a right given by the act of 1875.

*Lovely & Morgan,* for plaintiff.

*Cameron, Losey & Bunn,* for defendant.

NELSON, D. J. The plaintiff, Ethan A. Clark, by guardian, commenced an action December 1, 1880, in a court of the state of Minnesota, against the Chicago, Milwaukee & St. Paul Railway Company, and the Southern Minnesota Railway Company, to recover damages for a personal injury. The action is one sounding in tort. The complaint alleges the defendants are joint wrong-doers, and sets up that the defendant the Chicago, Milwaukee & St. Paul Railway Company is a Wisconsin corporation, and the defendant the Southern Minnesota Railway Company is a Minnesota corporation. The former

demurred to the complaint; the latter answered. At the January term of the said state court, 1881, being the first term after the action was commenced, the Wisconsin corporation filed a petition for removal, setting forth in substance that the plaintiff was a citizen of the state of Minnesota, and that the petitioner was a corporation existing and organized under the laws of the state of Wisconsin; that the amount in dispute exceeded the sum of $500, and that this action is one in which there can be a final determination of the controversy, so far as concerns the petitioner, without the presence of the other defendant as a party to the cause, and alleged that the petitioner files and presents a bond, with good and sufficient surety, for entering in the circuit court of the United States for the district of Minnesota, on the first day of the next session, copies of all process, pleadings, depositions, and testimony in the cause concerning or affecting your petitioner, etc.; and finally asks "that this cause proceed no further in the state court as against your petitioner, and that this cause be removed as against your petitioner into the circuit court of the United States for the district of Minnesota.

The following order was entered by the state court:

" Ordered, that this cause be and the same is removed into the circuit court of the United States for the district of Minnesota, *so far as* the said petitioner is concerned, leaving the same to proceed in this court as against the defendant the Southern Minnesota Railway Company."

The petitioner followed, in drafting the petition, the language contained in the second subdivision of section 639 of the Revised Statutes, and the state court manifestly supposed that the removal was applied for under that subdivision only. The record filed in this court February 26, 1881, contains only the petition and bond, complaint and amended complaint, and the demurrer interposed by the defendant petitioner.

A motion to remand is made by the plaintiff, and it is urged:

"*First.* That the attempt to sever the controversy, and to remove a portion thereof into the federal court, did not deprive the state tribunal of its jurisdiction over the whole."

The purpose of the order of the state court undoubtedly was to part with jurisdiction only so far as the controversy concerned and affected the non-resident petitioners, and intended to retain the same and determine the controversy so far as it concerned the resident corporation. In other words, as its action is expressed by the order made, it attempted to split the suit, upon the view entertained that

the second subdivision of section 639, Rev. St., embracing the provisions of the law of 1866, was still in force. This subdivision, however, is repealed by the act of 1875, (*Hyde* v. *Ruble,* Oct. term, 1881, U. S. Sup. Ct.,) and the suit could not be thus divided.

Unless a sufficient case is made by the petitioner when he instituted proceedings to effect a removal under the second clause of the act of 1875, the state court, notwithstanding the order made, has not lost rightful and legal jurisdiction of the entire suit. Has the petitioner properly asserted his right to a removal of the suit under the act of 1875? The petition contains all the jurisdictional facts necessary to effect a removal under the second clause of the second section of the act of 1875; but the prayer of the petition did not ask for the removal of the entire suit, but "that this cause be removed, as against your petitioner, into the circuit court of the United States for the district of Minnesota," and the full record is not transferred.

When a sufficient case for removal is made in the state court, the jurisdiction of that court is at an end, and no further proceedings can rightfully and properly be entertained unless its jurisdiction is restored. *Railroad Co.* v. *Mississippi,* 102 U. S. 141. The jurisdiction of the federal court attaches and that of the state court is lost,—not on account of any order made with reference to the removal by the state court, but when under the law, in proper form, a removal is demanded and a case made.

It is true, the federal court cannot proceed until the record under the law is filed therein, but no action of the state court is necessary to change the jurisdiction. While in this case the prayer of the petition would seem to limit the relief to the transfer of a part of the suit, there is nothing in the law of 1875 which would justify the federal court on that account to remand, if by the record before the court, and filed therein, the suit appears to be within the jurisdiction of the court. The petitioner desired, so far as it was affected by the suit, to remove it. It filed its petition in time, and embraced in its petition jurisdictional facts sufficient to authorize a removal under the second clause of the second section of the act of 1875. The fact that only a part of the record is filed in this court does not oust its jurisdiction, for it is not conferred by the entry of the record, but by the petition presented to the state court in proper form stating a case within the law of 1875. In my opinion the state court lost jurisdiction of the suit when the removal proceedings were instituted, and its jurisdiction has not been restored by anything which has taken place since.

Again, it is urged that there is no case disclosed by the record before this court within its jurisdiction.

The plaintiff brought his action against both the resident and non-resident defendants sounding in tort. Each defendant was liable as a wrong-doer if the plaintiff proved his case, and the controversy was severable. The plaintiff could have sued either without the other being a necessary party; or, as he did, sue both as joint wrong-doers. This is a legal privilege the plaintiff could exercise; but he cannot, by joining in the suit the non-resident defendant, debar him from asserting a right given by the act of 1875.

The act of each defendant is several in its nature, although the plaintiff has an election to sue one or both tort-feasors.

The motion to remand is denied, and the non-resident defendant can take such further action as may be deemed necessary.

This decision applies to the case of *Sweet's Adm'rs* v. *C. M. & St. P. Ry. Co.*, and the same order is entered therein.

See p. 445, *post.*