### DIDAY v. NEW YORK, P. & O. R. CO. et al.

(Circuit Court, N. D. Ohio, E. D. March 26, 1901.)

No. 6,163.

1. REMOVAL OF CAUSE—FEDERAL COURT—FRAUDULENT JOINDER OF PARTIES—REMAND.

Ohio Rev. St. § 3305, declares that, where an Ohio railroad corporation leases its road to a corporation of another state, both corporations shall be jointly liable on all rights of action accruing for any negligence or default growing out of the operation of such road, and that service on both may be made on any officer or agent of either company. *Held*, that where an Ohio railroad company was joined in a complaint for injuries with a foreign railroad company, under a false allegation that the Ohio company had leased its road to the foreign company, which was alone served with process, and, on a motion to remand the cause to the state court after removal to the federal court by the foreign railroad company, plaintiff's counsel in open court admitted that the allegation as to the relation between the two companies was false, and it appeared that the joinder of the two was to prevent the removal of the cause to the federal court, the motion to remand will be denied.

2. SAME—PROCEEDINGS ON MOTION TO REMAND—SCOPE.

Where a foreign and resident defendant are joined in an action in the state court, and the cause is removed to the federal court by the nonresident defendant before a motion to quash the service as to the resident defendant is heard, the fact that the federal court has no authority to pass on such motion, in determining a motion to remand the cause to the state court, does not preclude a consideration of the question whether such defendant was in court or not at the time limited for the filing of the petition for removal.

Ford, Snyder, Henry & McGraw, for plaintiff.

Williamson, Cushing & Clarke, for defendants.

WING, District Judge. This cause comes before the court upon the motion of the plaintiff to remand. It appears from the record that a petition was filed in the court of common pleas of Crawford county, in this state, and within this district, in which the New York, Pennsylvania & Ohio Railroad Company, a corporation alleged to have been organized under the laws of the state of Ohio, and the Erie Railroad Company, a corporation alleged to have been organized under the laws of the state of New York, were made defendants. It is further alleged in the petition that the New York, Pennsylvania & Ohio Railroad Company was and is the owner of a certain system of steam railway, and that such railway was leased by it to the defendant the Erie Railroad Company. By section 3305 of the Revised Statutes of Ohio, it is provided, among other things, in substance, that where a railroad corporation of this state, owning a railroad system, leases it to a corporation of another state, both corporations shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation of such railroad, and that service may be made upon said companies, or either of them, by the service of process upon any officer or agent of either of them. The petition filed in the state court is framed upon the theory that the New York, Pennsylvania & Ohio Railroad Company is the owner and lessor of the system of railroads operated by the Erie Railroad Company, and the joint liability sought to be enforced by the plaintiff, so far as the New York, Pennsylvania & Ohio Railroad Company is concerned, is founded upon the alleged fact that such last-named company was and is in the relation of lessor to the other corporation defendant. It appears, also, by the record, that service of summons upon the New York, Pennsylvania & Ohio Railroad Company was made, or attempted to be made, by service upon an agent of the Erie Railroad Company; that a motion to quash such service was filed in the state court, and was undisposed of at the time of the filing of the petition for removal. The petition for removal alleges, as ground for the removal, that the controversy is wholly between the plaintiff, Emma Diday, as administratrix, a citizen of Ohio, and the said defendant the Erie Railroad Company, a citizen and resident of the state of New York; that all of the allegations of the plaintiff's said petition with respect to the New York, Pennsylvania & Ohio Railroad Company, except the one as to its corporate character, are false, and were made by the plaintiff with the sole purpose of preventing the petitioner for removal from enjoying the right of removing the cause to the federal court; that the allegations of said petition respecting the ownership and leasing of the railroad mentioned therein are each and all untrue, and made for the sole purpose aforesaid; that the New York, Pennsylvania & Ohio Railroad Company has not been served with summons in said suit, and is not in court, except specially, for the sole purpose of quashing an untrue return of service upon it. In support of these allegations,

of the petition for removal, affidavits, which are uncontradicted, are filed, which establish the fact, now undisputed, that the New York, Pennsylvania & Ohio Railroad Company was not and is not the owner of the railroad, and was not the lessor of such railroad to the Erie Railroad Company.

Counsel for the plaintiff admits in open court that this is and was the true state of facts, and that, as a matter of fact, the allegations of the petition which charge the defendant the New York, Pennsylvania & Ohio Railroad Company with being the owner and lessor of the railroad line upon which the injury occurred were untrue. An affidavit is filed by counsel for the plaintiff, in which it is stated by him that he prepared the petition; that prior to the filing of it he made investigation into the facts, and in such investigation resorted to the records of this court in chancery cause No. 5,143, and that such records established in him the belief that the Erie Railroad Company, defendant herein, was operating, at the time of the death of the said John Diday, the line of railway on which he was killed, under and by virtue of a lease from the New York, Pennsylvania & Ohio Railroad Company; that said parties were joined for this and for no other purpose whatsoever; that it is not true that it was done for the fraudulent purpose of preventing the removal of this cause to the United States court, but was done in good faith, and for the purpose of taking advantage of what this affiant believed to be the law, and was based upon what this affiant believed to be the facts at the time the said petition was prepared and filed. Affiant further says that, from the facts as he understands them, the plaintiff is entitled to bring a joint action against the defendant the Erie Railroad Company, and its lessor, who is a corporation organized under the laws of the state of Ohio, and is a citizen and resident of the state of Ohio.

An examination of the record referred to, in cause No. 5,143, shows that no belief that the New York, Pennsylvania & Ohio Railroad Company was the lessor of this line of railroad to the Erie Railroad Company could have been properly founded upon it. In Hukill v. Railroad Co. (C. C.) 72 Fed. 745, in the opinion delivered by Judge Taft, it is said, in reference to the case of Plymouth Consol. Gold Min. Co. v. Amador & S. Canal Co., 118 U. S. 270, 6 Sup. Ct. 1034, 30 L. Ed. 232, and other authorities:

"The necessary implication of these authorities is that where fraudulent joinder of resident defendants is alleged in the petition, and the fraud is made out, a case is presented in which removal of the case of the nonresident defendant to the federal court may be sustained. But it must appear that the allegations of joint liability were unfounded in fact, were not made in good faith with the expectation of proving them at the trial, and were made solely for the purpose of evading the jurisdiction of the federal court."

We find, then, and have to consider, this situation: The New York, Pennsylvania & Ohio Railroad Company is charged in the action with being jointly liable with the Erie Railroad Company, solely upon the ground that it is a corporation under the laws of the state of Ohio, and is the lessor of the latter company; that the allegation in the petition filed in Crawford county, to the effect that

such relation of lessor and lessee existed at any time between these two companies, was and is absolutely untrue; and this, by the admission of counsel for the plaintiff in open court. The conclusion must be drawn that the plaintiff joined a defendant who was a citizen of Ohio with a nonresident defendant for some purpose. It could not have been for the purpose of recovery against such defendant, because none could be had. The only other purpose which such joinder could have accomplished would be the prevention of removal to the federal court.

The palpable untruth of the only allegation which permits joinder of the citizen defendant raises a presumption of fraudulent purpose. To remove this presumption, counsel for the plaintiff makes affidavit that such allegation was inserted in the petition by mistake, and also makes the admission in open court that such allegation was untrue. The purpose of the removal statute is to secure certain constitutional rights to a defendant. If the untrue allegation which alone connects the citizen corporation with this suit had been inserted in the petition with a knowledge of its untruth, and with the purpose of preventing removal, the joinder would have been fraudulent and the removal sustained. It does appear in this case that the allegations of joint liability were unfounded in fact, and were made by mistake, with the mistaken notion that they could be proven at the trial. I cannot see that a thing done by fraud should have any different effect than the same thing done by mistake. To insist upon treating an untrue statement as true after its untruth is known is to make the mistake which occasioned the statement fraudulent ab initio.

At the close of the affidavit of counsel for the plaintiff, it is said:

"Affiant further says, from the facts as he understands them, plaintiff is entitled to bring a joint action against the defendant the Erie Railroad Company, and its lessor, who is a corporation organized under the laws of the state of Ohio, and is a citizen and resident of the state of Ohio."

The lessor referred to must be some other corporation than the New York, Pennsylvania & Ohio Railroad Company. It appears, as a matter of fact, that the Nypano Railroad Company is the owner of this railroad, and is the lessor of the same to the Erie Railroad Company. If the plaintiff desires to pursue her joint action against the lessor and lessee of this railroad line, she may do so, under the statute, in the state court, and the commencement of the action sought herein to be removed would be no bar.

It has been urged by counsel for the defendant the Erie Railroad Company that the New York, Pennsylvania & Ohio Railroad Company is not in court, and was not in court at the time of filing the petition for removal. The service shown by the return of the sheriff could only have been valid to bring the corporation last named into court upon the theory that it was, as a matter of fact, the lessor, because the only service made was that permitted by the statute (section 3305), to wit, on a servant and employé of the Erie Railroad Company, the lessee. This court cannot pass upon the motion to quash filed in the state court until the cause is removed; but, in considering the question of removal, I think the court has a right

to consider all things in the record, one of which is the presence or absence of other defendants in court at the time limited for the filing of a petition for removal.

In the case of Tremper v. Schwabacher (C. C.) 84 Fed. 413, where two noncitizen defendants were sued, and only one of them was served, and removal papers were filed before answer day, it was held that removal was effected. The court say:

"The defendant, L. S., was obliged to appear and make his defense in the action without waiting for service upon his co-defendant. Therefore, at the time of filing his petition and bond for removal of the cause, he stood alone, as if he were the sole defendant. He could not require his co-defendant to join in the petition for removal, nor claim a stay of proceedings. It cannot be claimed that there is a separable controversy between him and the plaintiff, but from necessity he should be allowed to exercise his right to have the case removed, because, as the case stood at the time of the removal proceedings, he was the only defendant."

It is clear, upon the state of facts admitted, that the service of summons upon the New York, Pennsylvania & Ohio Railroad Company must have been quashed in the state court whenever action was taken on the motion, and that there was not reason founded upon fact for bringing such corporation before the court by an alias summons served upon any of its officers. But the defendant the E ie Railroad Company could not wait for such inevitable decision without losing its right to remove. In this the case cited is somewhat similar in principle to the one now before the court.

I think that the admission by a party, through counsel, in open court, of the untruth of a statement in the pleading, should have the effect to strike from said pleading such untrue statement as of the date of the filing; and this, whether such statement appeared in the pleading by mistake or fraud. I do not decide that, upon the hearing of a petition for removal, it is proper for this court to determine the truth or untruth of an allegation of the petition by hearing evidence, but I do hold that, when the untruth of an allegation of the petition, which alone prevents removal, is admitted, it should be treated, so far as effect is concerned, as if it had never been made.

I do not find, nor do I think it is necessary to find, that there is any separable cause of action stated in the petition, but that there is one cause of action in favor of the plaintiff and against a citizen of the state of New York; that the plaintiff has a right to pursue this cause of action, if she chooses, against this single defendant, but that such defendant has a constitutional right to have its controversy determined in this court. Upon these considerations, the motion to remand is overruled.