ROSS v. ERIE R. CO. et al.

(Circuit Court, E. D. New York. November 7, 1902.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—FRAUDULENT JOINDER OF DE-FENDANT.

One of two defendants against whom action is brought as employers of plaintiff's intestate for his death may have the action removed on the ground of diverse citizenship, notwithstanding the other defendant is a citizen of the same state as plaintiff, the verified petition for removal alleging that deceased was never in the employ of the other defendant, and that it was fraudulently joined as a defendant solely to defeat the right of removal, and accompanying this being an affidavit of the other defendant that deceased was never in its employ, and that it had no connection with the accident, and plaintiff neither traversing the petition nor offering evidence in denial of its averments.

Jones & Nekarda (Paul Jones, of counsel), for plaintiff.

Stetson, Jennings & Russell (Allen Wardwell, of counsel), for defendants.

THOMAS, District Judge. The plaintiff brings this action on account of the death of his son, killed by the defendants' alleged wrongful act. The Erie Railroad Company is organized under the laws of New York, and the Pennsylvania Coal Company is created by the laws of Pennsylvania. The complaint alleges that "both said defendants have a general office for the regular transaction of business at No. 21 Cortlandt street, in the borough of Manhattan, city of New York, state of New York, having the same corps of officers, to wit, the president, secretary, and treasurer," and, upon information and belief, that at the time of the accident the Pennsylvania Coal Company was in possession of a certain colliery, at or near the town of Pittstown, aforesaid, "and operated and still operates a breaker, known as the 'Ewen Breaker,' located outside of said colliery, with the machinery and other appurtenances thereto belonging; that at said times the defendant, the Erie Railroad Company, under an agreement with the defendant the Pennsylvania Coal Company, managed, controlled, and still controls, the said colliery and breaker, together with the machinery and appurtenances attached to said breaker"; that the plaintiff's intestate "was in the employ and service of the defendants, in or about the said breaker, in the capacity of an oiler of various machinery used by said defendants therein"; that the defendants negligently permitted a large quantity of refuse material to accumulate so as to render unsafe access to the chute or pocket connected with the breaker; that under these conditions the defendants negligently ordered the plaintiff's intestate to leave his accustomed place of work, and to approach the defective chute, and to loosen the clogged and frozen refuse, so that it might be removed from such chute, without warning him of the dangerous and unsafe character of the material and the risks incident thereto, whereupon the refuse fell with great force upon the plaintiff's intestate, causing his death.

The Pennsylvania Coal Company duly petitioned for the removal

¶ 1. Diverse citizenship ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

of the action against it to this court, but the Erie Railroad Company answered in the state court. The petition for removal, verified by the secretary of the coal company, avers, "that the defendant Erie Railroad Company did not own, operate, manage, or control either by agreement with your petitioner, the defendant the Pennsylvania Coal Company, or otherwise, the breaker or colliery referred to in the complaint, or any of the machinery or appurtenances belonging thereto; and your petitioner further avers that Neal Ross, the person on account of whose death this action is brought, was never in the employ of the said Erie Railroad Company; and your petitioner further avers that the defendant Erie Railroad Company was and is fraudulently and improperly joined as a party defendant to this action for the sole purpose of defeating the right of your petitioner to remove this cause to the United States Circuit Court." Accompanying the petition is an affidavit of the assistant secretary of the Erie Railroad Company denying that the Erie Railroad Company ever owned, operated, managed, or controlled the property or breaker in question, or that the plaintiff's intestate was ever in the employ of the Erie Railroad Company, or that such company, or its agents or servants, had any connection with the accident.

The plaintiff relies upon the rule that there can be no removal because one of the defendants is a citizen of the same state as the plaintiff, and does not and cannot petition for the removal. Bixby v. Couse, 8 Blatchf. 73, Fed. Cas. No. 1,451; Sewing Machine Company's Cases, 18 Wall. 553, 21 L. Ed. 914; Vannevar v. Bryant, 88 U. S. 41, 22 L. Ed. 476; Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Rand v. Walker, 117 U. S. 340, 6 Sup. Ct. 769, 29 L. Ed. 907; Hanover Fire Ins. Co. v. Keogh (C. C.) 7 Fed. 764. This rule is applicable only in cases where all the defendants have been properly joined. The petition in the present action alleges that the resident defendant, the Erie Railroad Company, has no connection with the cause of action, and that it was joined fraudulently for the purpose of preventing removal of the action to this court, at the instance of the coal company. Where parties are not jointly liable, but are joined merely to prevent removal, a removal should be granted. Hax v. Caspar (C. C.) 31 Fed. 499, 501; Clark v. Chicago, M. & St. P. Ry. Co. (C. C.) 11 Fed. 355; Prince v. Illinois Cent. Railroad Co. (C. C.) 98 Fed. 1, 2.

The averments in the petition in the action at bar are the unwarranted association of the Erie Railroad Company with the coal company, for the purpose of preventing removal of the action. If the plaintiff disclaimed these allegations, he should have joined issue upon the facts alleged, or at least controverted the same. But no evidence is offered repelling either the alleged facts or the accusation, and, within the practice of the court, it must be accepted as true. Durkee v. Illinois Cent. Railroad Co. (C. C.) 81 Fed. 1; Prince v. Illinois Cent. Railroad Co. (C. C.) 98 Fed. 1, 2; Dow v. Bradstreet (C. C.) 46 Fed. 824, 827, 828; McCormick v. Illinois Cent. Railroad Co. (C. C.) 100 Fed. 250; Diday v. New York, P. & O. R. Co. (C. C.) 107 Fed. 565; Hukill v. Railroad Co. (C. C.) 72 Fed. 745; Carlisle v. Sunset Telephone & Telegraph Co. (C. C.) 116 Fed. 896. The

matter was discussed in Warax v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 72 Fed. 637, where Judge Taft states as follows:

"Plaintiff's petition seeks to hold the railroad company and Snyder, its engineer, as joint tort feasors. If, on the statements in the petition, he is able to do so, then the cause is not removable (citing cases), unless it be made to appear, to the satisfaction of the court, that one of the defendants was fraudulently joined for the purpose of defeating the jurisdiction of the federal court. In order that such joinder should be regarded as fraudulent, it must appear, by allegation and proof, not only that it was made for the purpose of avoiding the jurisdiction of the federal court, but also that the averments of the petition upon which the right to join the defendants is claimed are so unfounded and incapable of proof as to justify the inference that they were not made in good faith with the hope and intention of proving them, or else that they do not state a joint cause of action. No proof is offered in this case, except the fact that suit was once brought on the same cause of action against the railroad company without joining Snyder, the engineer. This may be regarded as a circumstance tending to show that the purpose in joining Snyder was to avoid the jurisdiction of the federal court, but it does not show, or have any tendency to show, that the averments of the petition with respect to Snyder, upon which the right to join Snyder is asserted, were unfounded in fact. One who has a real cause of action for joint tort against two persons cannot be deprived of the right to bring his action against both in the case, and to have the case heard with both as defendants, merely because he joined them for the purpose of avoiding the jurisdiction of the federal court. If the right exists, the motive for its exercise cannot defeat it."

This statement is quoted at length to illustrate that the plaintiff, whatever his motive, may avoid the jurisdiction of the federal court by properly joining two defendants. But it will be observed that no evidence was given, other than that suggested, which was certainly insufficient. The petition in the case at bar claims that there was no cause of action against the Erie Railroad Company, gives in evidence facts to support that contention, and charges that the Erie Railroad Company has been fraudulently joined, and these allegations are supported by the affidavit of the assistant secretary of the Erie Railroad Company. Hence there is evidence of the truth of the verified petition, while the plaintiff neither traverses the petition nor offers evidence in denial of its averments. Therefore it must be accepted as true. In such case the coal company is entitled to a trial in this court, and the motion to remand is denied.