OFFNER v. CHICAGO & E. R. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

No. 1,241.

REMOVAL OF CAUSES—SUFFICIENCY OF PETITION—FRAUDULENT JOINDER OF DEFENDANTS.

In a petition for removal of a cause in which the declaration stated a joint cause of action in tort against a local and a nonresident corporation, filed by the nonresident defendant alone, on the ground of diversity of citizenship, an allegation merely that its codefendant was not a party to the alleged negligence, and was fraudulently joined for the purpose of defeating petitioner's right of removal, does not render the petition sufficient, either as a pleading or as evidence to warrant a removal; the burden resting upon the petitioner to both allege and prove the facts showing such fraudulent joinder.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

This action, to recover damages on account of the death of Jacob Offner through the negligence of the railroad companies, was begun in the Circuit Court of Cook County, Ill. On petition of the Chicago & Erie, it was removed into the court below. There the plaintiff was defeated on the merits. In this court assignments of alleged errors of law occurring at the trial were presented, but during the argument the legality of the removal was questioned.

The declaration charged that the defendants owned, controlled, and used a certain railroad yard in Chicago; that Offner was employed by the Chicago & Erie as a car inspector; that while he was properly at work, repairing a car in said yard, the Chicago & Erie, with knowledge of his dangerous position and without warning him, negligently permitted a Western Indiana engine to be run with great violence against the car under which he was at work, and the Western Indiana, with like knowledge of his danger and without warning,

negligently ran its engine against the car; that Offner was free from fault; and that the negligent acts of the defendants concurred in causing his death.

Plaintiff was a citizen of Illinois, the Western Indiana a corporation of Illinois, and the Chicago & Erie of Indiana. Separable controversy was the ground of removal. The petition, verified by an attorney, averred that the Western Indiana "was not a party to the alleged negligence," and "was fraudulently joined as a party defendant solely for the purpose of defeating your petitioner's right to remove this cause."

In the Circuit Court no motion to remand was presented.

Cyrus Wood, for plaintiff in error.

George C. Gale, for defendants in error.

Before BAKER and SEAMAN, Circuit Judges, and QUARLES, District Judge.

BAKER, Circuit Judge, having stated the case, delivered the opinion of the court.

The fact that there was no motion to remand is irrelevant to the question. Federal courts are strictly limited in their authority to hear controversies. Agreement of parties cannot enlarge the Constitution and laws of the United States; much less can omission or oversight.

"It has often been decided that an action brought in a state court against two jointly for a tort cannot be removed by either of them into the Circuit Court of the United States upon the ground of a separable controversy between the plaintiff and himself, although the defendants have pleaded severally, and the plaintiff might have brought the action against either alone.

"It is equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavits of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court." Louisville & Nashville R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Alabama Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, and cases therein reviewed.

1. The averment of the petition that the Western Indiana "was not a party to the alleged negligence" is of no avail in the face of the charge in the declaration that that company, with knowledge of Offner's peril, and without giving him any warning, ran its engine upon him, because that averment comes under the general rule, and not under the exception.

2. Respecting the averment of the petition that the Western Indiana "was fraudulently joined as a party defendant solely for the purpose of defeating your petitioner's right to remove this cause," the exception stated in the authorities requires both proper pleading and due proof of fraudulent joinder.

In a case involving the sufficiency of a petition for removal, which alleged that the action arose under the laws of the United States, the

Supreme Court laid down rules of pleading which apply to every ground of removal:

"For the purposes of the transfer of a cause, the petition for removal, which the statute requires, performs the office of pleading. * * * It should therefore set forth the essential facts, not otherwise appearing in the case, which the statute has made conditions precedent to the change of jurisdiction. If it fails in this, it is defective in substance, and must be treated accordingly. * * * The office of pleading is to state facts, not conclusions of law. It is the duty of the court to declare the conclusions, and of the parties to state the premises." Gold-Washing & Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656.

And so, the cause was ordered to be remanded, because neither the complaint nor the petition for removal stated facts from which the conclusion flowed that the action arose under the laws of the United States. The rules, though stated in a case involving another ground of removal, in terms broad enough to apply to a petition for removal on the ground that the controversy between the plaintiff and the petitioner is separable on account of the fraudulent joinder of a local defendant; and they should be so applied, because they rightly accord with the general rule that fraud cannot be pleaded simply by crying fraud.

In this case the verified petition (and good practice requires that petitions for removal be verified, Kansas City R. Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963) was the only evidence offered by the petitioner, upon whom lay the burden. If the statement that the Western Indiana "was fraudulently joined as a party defendant" is bad as pleading, it is worse as proof. On a question of fraud the opinion of a witness is not admissible. Certainly, the erroneous admission, without the statement of a single fact to warrant the entertainment of such an opinion, cannot make out a prima facie case.

In Plymouth Mining Co. v. Amador Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232, a joint tort was counted on, and the petition for removal on the ground of a separable controversy charged that the local defendants were fraudulently joined for the purpose of preventing a removal. The cause was remanded; the court holding that the charge in the petition, presumably verified in accordance with good practice, was unavailing in the absence of proof of facts which would establish fraud as a conclusion.

Where motions to remand have been overruled in the Circuit Courts, the removing petitioners have supplied the premises of facts, from which the courts have declared the conclusions. Arrowsmith v. Nashville & D. R. Co. (C. C.) 57 Fed. 165; Shepherd v. Bradstreet Co. (C. C.) 65 Fed. 142; Diday v. New York, P. & O. R. Co. (C. C.) 107 Fed. 565.

The petitioner assumes the burden of establishing "that the allegations of joint liability were unfounded in fact, were not made in good faith with the expectation of proving them at the trial, and were made solely for the purpose of evading the jurisdiction of the federal court." Hukill v. Maysville & B. S. R. Co. (C. C.) 72 Fed. 745.

The judgment is reversed with the direction to remand the cause to the Circuit Court of Cook County, Ill.