CHICAGO, R. I. & P. RY. CO. v. STEPP et al.

(Circuit Court, W. D. Missouri, W. D.   March 4, 1907.)

No. 3,148.

1. DEATH—PERSONS LIABLE—STATUTORY PROVISIONS—EMPLOYÉ OF CARRIER.
     Rev. St. 1899, § 2864, as amended by Laws 1905, pp. 135–137 [Ann. St. 1906, p. 1637], providing that whenever any person, including an employé of the corporation or individual hereinafter referred to, whose death is caused by the negligence of a co-employé thereof, shall die from an injury resulting from or occasioned by the negligence, unskillfulness, or criminal intent of any officer, agent, servant, or employé, whilst running, conducting, or managing any locomotive, car, or train of cars, or any street car, or of any master, pilot, engineer, agent, or employé whilst running, conducting, or managing any steamboat, or of any driver of any stage, automobile, or other public conveyance, whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from any defect or insufficiency in any railroad, or in any locomotive, car, street car, steam-

boat, stage. automobile, or other public conveyance, the corporation, or individual in whose employ any such officer. agent, servant, master. pilot. engineer, or driver shall be when such injury is committed. or who owns, operates, or conducts any such railroad, locomotive. car, street car. automobile, coach. or other public conveyance when any injury is received resulting from or occasioned by any defect or insufficiency, unskillfulness, negligence, or criminal intent above declared, shall forfeit and pay as a penalty for every such person, employé, or passenger so dying not less than $2,000, nor more than $10,000, in the discretion of the jury, which may be sued for and recovered by persons bearing specified relations to deceased—gives no right of action against an employé of the carrier, but only against the carrier.

**2. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—SEPARABLE CONTROVERSIES—ALLEGATIONS IN PLEADINGS.**

Where the petition against a railroad company and an individual for death of an employé of the company and the petition of the company for removal of the cause show that the individual defendant, a resident of the state, is a mere employé of the company, against whom no recovery can be had under the statute on which the action is based, so that there is no joint liability, the mere subsequent allegation in plaintiff's petition that "defendants" negligently did certain things, is ineffective to prevent the company, a nonresident, from removing the cause to the federal court.

**8. SAME—STATE COURT PROCEEDINGS—INJUNCTION.**

Where the cause is properly removed to the federal court, and plaintiff in the suit undertakes to ignore the removal, and to proceed with the prosecution of the case in the state court, the federal court will restrain plaintiff from such threatened prosecution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 209.]

In Equity.

Frank P. Sebree, for complainant.

Scarritt, Scarritt & Jones, for defendants.

PHILIPS, District Judge. The defendant John H. Stepp as the next friend of the defendants Bessie E. Stepp and Joseph N. Stepp, on the 12th day of May, 1906, instituted suit in the circuit court of Jackson county, Mo., against the complainant, the Chicago, Rock Island & Pacific Railway Company, and Louis Collier, to recover damages in the sum of $10,000 against said railway company and said Collier for injury resulting in the death of James M. Stepp, the father of said Bessie E. and Joseph N. Stepp. The petition discloses the fact that the death was occasioned by the said James M. Stepp being injured by a locomotive and train of cars of said railway company; that said Louis Collier was in the service of said railway company as the engineer on the locomotive attached to said train of cars; and that the injury resulted from the negligent manner of running and conducting said cars by said locomotive engineer. On the return day of the writ of summons issued in said suit, and in due time and form, the said railway company filed its petition, with sufficient bond. praying for the removal of said cause from the state circuit court to this court, on the ground of the diverse citizenship of the parties, the petition alleging that the plaintiffs therein were citizens of the state of Missouri. and that the railway company was a citizen of another state; that the matter in controversy between the railway company and the plaintiffs therein was separable, and wholly determinable as between them; that the

petition on its face did not disclose any cause of action against the defendant Louis Collier under the statute on which the alleged cause of action is predicated; and that the said Collier was so joined as a codefendant with the railway company ,for the fraudulent purpose of preventing the removal of the cause by the said railway company. The state circuit court refused to make the order of removal, on the ground that the defendants therein were jointly liable to the plaintiffs. The petitioning railway company, nevertheless, duly filed in this court a transcript of the record and proceedings therein. The railway company has presented to this court its ancillary bill in equity, alleging that, notwithstanding the premises, and the said cause has been properly removed into this jurisdiction, the defendants herein are threatening to proceed with the trial of said cause in the state court, which said trial is set down for hearing at a future day near at hand. The bill prays for an injunction against the said defendants, restraining and enjoining them from further proceeding in the state court. The attorneys for said defendants here and the plaintiffs in the state court appear at the preliminary hearing on the application for the injunction, and resist the same on the ground that this court has not obtained jurisdiction of said cause by reason of said removal proceedings.

It is conceded on argument by counsel for respondents that the joint liability of Louis Collier, the engineer, is predicated of the amendatory act of the Legislature of Missouri, approved April 13, 1905 (Laws. Mo. 1905, pp. 135–137 [Ann. St. 1906, p. 1637]), which is as follows:

"Section 2864. Whenever any person, including an employé of the corporation, individual or individuals hereinafter referred to whose death is caused by the negligence of a co-employé thereof, shall die from any injury resulting or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive, car or train of cars, or any street car, electric or terminal or train of cars, or of any master, pilot, engineer, agent or employé whilst running, conducting or managing any steamboat, or any of the machinery thereof, or of any driver of any stagecoach, automobile, motor car or other public conveyance whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, whether the same be a steam, street, electric or terminal railroad, or any part thereof, or in any locomotive, car, street car, electric car or terminal car, or in any steamboat, or the machinery thereof, or in any stagecoach, automobile, motor car, or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employé, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns, operates or conducts any such railroad, locomotive, car, street car, electric car, terminal car, automobile, motor car, stagecoach, or other public conveyance at the time any injury is received resulting from or occasioned by any defect or insufficiency, unskillfulness, negligence or criminal intent above declared, shall forfeit and pay as a penalty for every such person, employé or passenger so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury, which may be sued for and recovered: First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased: Provided, that if adopted, such minor child or children shall have been duly adopted according to the laws of adoption of the state where the person executing the deed of adoption resided at the time of such adoption; or third, if such deceased be a minor and unmarried, whether such deceased unmarried minor be a

natural born or adopted child, if such deceased unmarried minor shall have been duly adopted according to the laws of adoption of the state where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or, fourth, if there be no husband, wife, minor child or minor children, natural born or adopted as hereinbefore indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent, and such corporation, individual or individuals may show .as a defense that such death was caused by the negligence of the deceased. In suits instituted under this section, it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not of a negligent defect or insufficiency and that the injury received was not the result of unskillfulness, negligence or criminal intent."

If this statute does not embrace the engineer in charge of the locomotive, as the servant of the railway company, it is further conceded that there is no joint liability of the company and said Collier, and consequently the case was removable on the petition of the former. This legislation is not revolutionary, but is rather a process of evolution. The corresponding statutes of the state prior to 1899, respecting damages for torts, gave the designated representatives of a deceased employé of a railroad company no right of action against the company for death caused by the fault of a co-employé. The phrase, common to all these statutes, "any person," as employed in the statute, did not include fellow servants. Proctor v. Hannibal & St. Joe Railroad Company, 64 Mo. 112. Rev. St. 1899 (volume 1, p. 729, c. 17 of the damage act) was identical with the antecedent statutes, except that the later statute, after the words "any injury is received resulting from or occasioned by any defect or insufficiency," added the following, "unskillfulness, negligence, or criminal intent"; and extended the right of action to the adopted children of the deceased.

It must be conceded that these statutes were aimed alone at the master, creating liability on his part for a death caused by his agents, servants, and employés in the operation of the specified public conveyances, for use in transportation; and that the statute, where death resulted from the fault of the servant or employé, was not intended to carry over to the designated representatives of the deceased a right of action against such servant or employé. Thus stood the law at the time of the amendatory act aforesaid of 1905. The first noticeable change in this last act is in making the words "any person" include an employé of the corporation, individual, or individuals thereinafter referred to where the death is caused by a co-employé resulting or occasioned by the negligence, unskillfulness, or criminal intent of the co-employé while running, conducting, or managing any locomotive, car, train, etc. As shown by the decision of the Supreme Court of the state, in Higgins v. St. Louis & Suburban Ry. Co., 197 Mo. 300, 95 S. W. 863, the Legislature, under an apprehension that under the existing statute of 1899, said liability did not extend to street railroads, and the like, in the act of 1905 added the words "or any street, electric, or terminal or train of cars, or any driver of any automobile or motor car." The only other changes pertinent to the question here to be decided are that the

amendatory act added to the original statute after words "or who owns" the words "operates or conducts" and by changing the penalty recoverable, which was $5,000, to a sum not less than $2,000 and not exceeding $10,000. Under the former statute certain liability of the corporation, individual, or individuals was made to apply to the instance where the corporation, individual, or individuals owned any such railroad, locomotive, car, stagecoach, or other public conveyance, at the time any injury is received. They were made liable therefor on account of being the owner of the instrument of conveyance. The contention of counsel for respondents is that the addition after the words "or who owns" of the words "operates or conducts" was intended and has the effect to extend the liability under this statute to an engineer who happens to be in charge of the locomotive propelling the car or cars at the time of the injury.

Statutes in derogation of common-law rules of nonliability are to be strictly construed, and where they create new liabilities they are not to be extended by mere implication. Judge Norton, in Proctor v. Hannibal & St. Joe Railroad Company, supra, said:

"When particular words or particular clauses of a statute are of doubtful import, they should be considered in connection with the entire statute, and in such cases, when such words or clauses literally construed would produce a conflict in the act or lead to absurd conclusions, they may be restricted or enlarged in their operation so as to cause each part of it to harmonize with every other part."

Among the recognized canons of construction of statutes are the following: As an aid thereto, it is always to be presumed that the Legislature did not intend to enact a law that would lead to absurd or oppressive results; the intent of the law is the prime object to be kept in view in its construction; if the intent cannot be enforced by the literal import of the words employed, it is well settled that the letter of the statute must occasionally be cut down to conform to its evident spirit and purpose; a construction which must occasion great public or private mischief and injustice must never be preferred to the one which avoids such results. Resulting from these is the rule that where the words are reasonably susceptible of another construction which would avoid such results, consistent with the manifest purpose or scheme of the legislative enactment, such other construction should be adopted. If the contention made by counsel for respondents should obtain, what is the consequence? This statute makes the corporation, individual, or individuals operating or conducting the railroad, locomotive, or car, automobile, motor car, stagecoach, or other public conveyance, at the time of the injury, liable for the death "resulting from or occasioned by any defect or insufficiency, above declared." If the words "operates or conducts" are to be made by mere construction to apply to the engineer on the locomotive, to the motorman on the electric car, the chauffeur on the automobile, and the driver on the stagecoach, it must follow that the liability extends to an injury to a passenger, if he die, resulting from or occasioned by "any defect or insufficiency" in any railroad, etc., or in any locomotive, car, street car, electric car, or terminal car, or in any steamboat, or the machinery thereof, or in any stagecoach, automobile, motor car, or other like conveyance. Is the mere servant or employé,

CHICAGO, R. I. & P. RY. CO. V. STEPP.

hired at moderate wages, running the car or vehicle, or the machinery, furnished him by the master, to be made liable for the death of the passenger, who pays the master for his transportation and is put by him on the conveyance with or without the consent of the engineer, conductor, motorman, or driver? The engineer, conductor, motorman, and driver have nothing to do with the construction of or repairs to the conveyance or motor power. Their employment is to run the conveyance or machinery furnished them by the master; and the law makes the master liable to the employé for any defect or insufficiency in the instruments of conveyance whereby an injury results to the employé.

True it is that in a limited sense the conductor on the railroad car or street car, or the motorman, etc., is conducting the car or vehicle; but tested by the context, the rule of noscitur a sociis, the general scheme of the whole act, it is manifest that the Legislature had no thought of extending the liability of the master for the injury resulting in death to such employé. This is manifest and enforced by the further fact that the liability for such death applies to any stagecoach, as well as to cars, motors, and the like. The statute makes no discrimination as to the responsible liability of either of the designated instrumentalities of public conveyance. Surely, the Legislature would not have employed the terms "operates or conducts" to indicate a purpose to give such right of action against the driver of a stagecoach. But as applied to the corporation, individual, or individuals running or managing a stagecoach or other public conveyance, these terms were apt to embrace and designate them.

The interpolation or addition of the words "operates or conducts" immediately after the words "or who owns," expresses a meaning and purpose so palpable and reasonable as to exclude the idea that they were intended to create a liability on the part of the mere servant. A railroad company, or other public carrier, may not be the owner of the instrument of conveyance, yet the corporation or individual may be operating or conducting a railroad, locomotive, car, automobile, or stagecoach in the capacity of a carrier. A railroad company or individual may use the locomotive and cars or other conveyance of another railroad company or individual, as lessee or bailee of the owner for the particular purpose. If they use such locomotive or car, etc., to accomplish their work as a carrier, there is good reason why they should be as much liable for injuries to third persons from the operation or conducting of such locomotive, car, etc., as if owned by them. This construction harmonizes the whole act in the direction of the known policy of imposing responsibility upon the master for the negligence of the employé, or death resulting from or occasioned by any defect or insufficiency in the railroad, car, etc., "or the machinery thereof." The whole history of such legislation, devolving the right of action on the family or legal representatives of the deceased, and the successive enlargements of such statutes, show that it has been and is the legislative policy and purpose to render the carrier, and not the mere employé, responsible for injuries resulting in death. If it had been the mind of the Legislature to extend such penal statute to the mere employé on the locomotive, car, automobile, or stage driver, it was easy to have said so in plain and apt terms. The courts ought not, by forced or

151 F.—58

strained construction, to imply such purpose, especially when it would lead to absurd and harsh results.

It is scarcely necessary to add that where the petition on its face, as in this case, and the petition for removal show that the actual relation of the local defendant Collier was that of a mere engineer in the employ of the railroad company, against whom no recovery can be had under the statute on which the action is predicated, the mere subsequent allegations in the petition that "the defendants" negligently did so and so, is ineffective to prevent the railroad company, a nonresident corporation, from removing the case into this jurisdiction. Gustafson v. Chicago, Rock Island & Pacific Railway Company (C. C.) 128 Fed. 85. It is also well-settled law that where the controversy is properly removed from the state court into the federal court, and the plaintiff in the suit undertakes to ignore the removal and to proceed with the prosecution of the case in the state court, the federal court, having obtained jurisdiction of the cause, may by injunction ·restrain the plaintiff from such threatened action. Traction Co. v. Mining Co., 196 U. S. 245, 25 Sup. Ct. 251, 49 L. Ed. 462; Mutual Life Ins. Co. v. Langley (C. C.) 145 Fed. 415.

It results that the restraining order prayed for herein must be granted.