### CLANCY v. BROWN et al.
#### No. 9830.

Circuit Court of Appeals, Eighth Circuit.
May 5, 1934.

Maurice J. O'Sullivan, of Kansas City, Mo. (Arthur C. Popham and Cowgill & Popham, all of Kansas City, Mo., and John M. P. Miller, of Kansas City, Mo., on the brief), for appellant.

Paul G. Koontz, of Kansas City, Mo. (Spencer F. Harris, of Kansas City, Mo., on the brief), for appellee President Hotel Corporation.

Before GARDNER and WOODROUGH, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge.

Gertrude Clancy, appellant, brought this action originally in the Missouri state court against Irma Brown and the President Hotel Corporation, a corporation, appellees, to recover damages for personal injuries. Plaintiff and defendant Irma Brown are citizens of Missouri. The President Hotel Corporation is a Delaware corporation. Upon its petition this action was removed to the federal court. Plaintiff then moved to remand and upon denial of her motion she declined to proceed further upon the ground of lack of jurisdiction in the federal court. Judgment of dismissal was then entered and plaintiff prosecutes this appeal.

Plaintiff's petition alleged that the President Hotel Corporation was engaged in operating the President Hotel, in Kansas City, Mo.; that Irma Brown was the housekeeper and superintendent of the corporation, in charge of the hotel, and was a vice principal with power to employ and discharge employees and that plaintiff worked under her, subject to her orders and directions; that it was the custom of the hotel to provide for the enjoyment and diversion of its employees by arranging various forms of entertainment and for gatherings; that in furtherance of said custom on the occasion complained of, defendants arranged for a gathering of their employees on the roof of said hotel to observe the passing of the Graf Zeppelin dirigible over Kansas City; that on August 28, 1929, plaintiff was employed as a seamstress by said Hotel Corporation, and was subject to the orders and directions of Irma Brown; that while so employed she was ordered and directed by Irma Brown to go to the roof gathering, with other employees, including Irma Brown; that the only available path to the roof was a stairway which was unlighted over which she was directed to travel and which was under the control and supervision of the defendants and was maintained by them; that while she was returning from the roof and was exercising ordinary care for her safety, through the joint and concurring negligence of the defendants in failing to properly light and maintain said stairway, she fell and was severely injured.

The Hotel Corporation's petition for removal alleged diversity of citizenship between it and the plaintiff, and the proper amount in controversy; that no actionable negligence was charged against Irma Brown; and that the complaint did not state facts sufficient to constitute a cause of action against her. It also alleged that even if a cause of action was stated against Irma Brown, the facts alleged in plaintiff's complaint upon which such a cause of action was predicated were false and fraudulent, and that Irma Brown was fraudulently and in bad faith joined as a defendant as a sham and fraudulent device for the sole purpose of preventing removal to the federal court. That the controversy was in truth and in fact one between the plaintiff and defendant company, and would constitute a separable controversy, if any valid claim existed against said defendant Irma Brown. The removal petition especially denied the truth of the allegations of plaintiff's complaint with reference to Irma Brown, and charged that plaintiff and her attorneys well

knew from the testimony taken in a previous trial of said cause that plaintiff was only granted permission by the said Irma Brown to leave her work for the purpose of going to the roof of the hotel for her own pleasure to view the passing Zeppelin; that such permission was in no wise connected with any work required of the plaintiff and was solely a permission to be excused to go to a place not in any way connected with the business for which plaintiff was employed, or in any way connected with the business operated by the defendant Hotel Corporation; that plaintiff and her attorneys well knew that the said Irma Brown neither performed nor omitted to perform any act or deed which caused or contributed to the injuries sustained by plaintiff and that said Irma Brown was under no duty to furnish or provide plaintiff any place to work and was under no duty to provide a means by which plaintiff might, for her own pleasure go to the roof, which was not in any way connected with her business, and was under no duty to plaintiff to keep the stairway and the roof lighted; that the said Irma Brown gave the plaintiff no order or direction that could constitute any basis for personal liability against the said Irma Brown; and that plaintiff and her attorneys well knew that this defendant was entitled to and probably would remove this cause to the federal court wherein the cause had previously been tried, and hence had resorted to the joinder of the said alleged resident defendant to prevent said removal.

Plaintiff's motion to remand does not directly deny these allegations of the petition for removal. It only denies certain other allegations which are in the nature of legal conclusions. The statements of fact of the petition for removal upon which the fraudulent joinder is predicated may therefore be said to stand admitted by the pleadings. However, upon the hearing of the motion to remand, evidence was introduced which clearly established the truth of the allegations of the removal petition. It was shown that precisely the same cause of action, except that only the Hotel Corporation was involved, was tried in the United States District Court, April 22, 1931; that at the close of all the testimony, after the court had indicated that a verdict for the Hotel Corporation would be directed, plaintiff dismissed her case; that on that trial plaintiff testified that she went to the roof of the hotel where she was later injured, to view the Zeppelin by permission only and not by order of Irma Brown; and that her testimony was to the same effect before the Workmen's Compensation Commis-

sion. Her testimony is corroborated in every respect by the testimony of Irma Brown, taken at the previous trial. The testimony of these two witnesses, if given the strongest probative force, cannot be construed as a direction by Irma Brown to plaintiff to go to the roof gathering. It only shows that she was permitted to go to the roof on this unusual occasion to gratify her own pleasure and curiosity.

Plaintiff offered no evidence on the hearing on the motion to remand. She rested her case solely upon the allegations of her complaint that the hotel from time to time provided for the entertainment and enjoyment of its employees, and that the occasion of the passing of the Zeppelin was in the nature of such an entertainment; yet the evidence clearly shows that its passing was not prearranged by the Hotel Corporation, and that plaintiff's visit to the roof was purely spontaneous and for the purpose of viewing the Zeppelin from a point of vantage.

It may be conceded that the plaintiff's petition states a good cause of action against both the defendants. The removing defendant does not rely upon the failure to state a cause of action against Irma Brown as its ground for removal. It relies upon its allegations and proof that the facts asserted with respect to the resident defendant are so clearly false as to demonstrate that no factual basis exists for an honest belief on the part of plaintiff that she has a cause of action against Irma Brown. In Clark v. Chicago, Rock Island & Pacific Railway Co. (D. C.) 194 F. 505, loc. cit. 510, Judge Van Valkenburgh, in discussing the law as to fraudulent joinder, said:

"It must be conceded that a fraudulent joinder made to defeat the federal jurisdiction will not, if established, be permitted to accomplish its purpose; and the court, upon sufficient application, will look behind mere ingenuity of pleading, to the extent even of scrutinizing the facts alleged upon which the propriety of the joinder is asserted.

"In such cases the true rule is that the federal court upon a proper petition for removal may examine into the merits sufficiently to determine whether the allegations by reason of which a resident defendant may be joined in a state court are fraudulently and fictitiously made for the purpose of preventing removal. More than that, it is its duty to make such examination. It is undoubtedly true that the mere fact that the joinder was made for the obvious or admitted purpose of defeating the jurisdiction of the na-

tional courts will not suffice to confer jurisdiction upon them, provided a cause of action exists against the resident defendant joined. Good faith must attend the joinder. It will not be exacted that the action must ultimately succeed, but there must be reasonable ground from the existing state of laws and facts to believe that the cause of action has merit; and it must be stated in good faith. The fraud here under consideration is simply a purpose to deny to the nonresident defendant the right of having his case tried in the jurisdiction to which he would otherwise be entitled by the unwarranted joinder as a codefendant of one against whom the plaintiff knows, or has sufficient reason in law to know, he has no legal ground for suit. This may appear upon the face of the pleading, or it may be skillfully concealed by allegations that are untrue and unjustified. The duty of this court is the same in either case, except that the latter involves inquiry into the facts stated, while the former does not. It is well settled that when it is disclosed, either upon the face of the complaint or in a showing by affidavit, or by oral testimony taken upon plea, that the plaintiff has no cause of action against the employee who is made defendant, the cause is removable by the other defendant if the proper diversity of citizenship exists between that defendant and the plaintiff. Marach v. Columbia Box Co. (C. C.) 179 F. 412; Lockard v. St. Louis & San Francisco R. R. Co. (C. C.) 167 F. 675; Chicago, Rock Island & Pac. Ry. Co. v. Stepp (C. C.) 151 F. 908; Floyt v. Shenango Furnace Co. (C. C.) 186 F. 539."

This is a clear and correct statement of the law applicable to the instant case and is supported by the decisions of this court and of the Supreme Court of the United States. Farmers' Bank & Trust Co. v. Atchison, T. & S. F. R. Co. (C. C. A.) 25 F.(2d) 23; Boyle v. Chicago, Rock Island & Pacific R. Co. (C. C. A.) 42 F.(2d) 633; Weeker v. National Enameling & Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

■ Fraudulent joinder, like any other fraud, must ordinarily be established by circumstantial evidence. The record here shows clearly that the real purpose in joining the resident defendant was to prevent a removal to the federal court. This purpose plaintiff may accomplish by joining the resident defendant provided the facts as they actually exist give her a cause of action against the resident defendant, or are such as to lead her and her attorneys in good faith to believe that she has such a cause of action. The previous trial in the federal court, and the hearing before the Workmen's Compensation Commission had fully advised plaintiff and her attorneys as to the facts in this case. It is our opinion that these facts did not establish a cause of action against Irma Brown, nor are they such as to lead plaintiff in good faith to believe that she had such a cause of action.

The judgment is affirmed.