**SOSO**
v.
**ATLAS POWDER CO. et al.**
**No. 9252(2).**

United States District Court
E. D. Missouri, Eastern Division.
Dec. 18, 1953.

Gragg & Aubuchon and William R. Schneider, St. Louis, Mo., for plaintiff.

Fordyce, Mayne, Hartman, Renard & Stribling and F. W. Schwarz, St. Louis, Mo., for defendants.

HULEN, District Judge.

The complaint is for damages resulting from the premature explosion of a dynamite charge. Plaintiff was an employee of the purchaser of the explosive. The basis of the claim pleaded is negligence—that the dynamite was defective and dangerous when used in the usual manner and the seller should have known it.

The non-resident defendant, Atlas Powder Company, removed the case on the ground that the joinder of the resident defendant, one of the powder company's salesman, is fraudulent, for the purpose of defeating the jurisdiction of this court. Plaintiff moves to remand. Defendant has the burden of proof on its claim of fraudulent joinder.

At hearing on motion to remand evidence was introduced showing the resident defendant to be merely a solicitor of orders for the powder company, who never saw the dynamite purchased by plaintiff's employer. The defendant salesman's practice was to call on prospective purchasers and take their orders and transmit them to the offices of the defendant powder company. The dynamite would be shipped direct to the purchaser from the powder company's magazine. The salesman never saw any of the product shipped to any of his customers. It was not his duty to inspect the dynamite before or after shipment. He did not recommend the particular type of dynamite, nor instruct plaintiff or his employer in its use. Plaintiff's employer had purchased this type of dynamite before and used it successfully.

Unless, under the law of Missouri, liability can be imposed on a defendant in the position of the defendant salesman here, the non-resident defendant has carried the burden of showing fraudulent joinder. We conclude there is no legal basis for the claim against the resident defendant.

The cases cited by plaintiff are not in point. All are cases against manufacturers, or retailers, except Orr v. Shell Oil Co., 352 Mo. 288, 177 S.W.2d 608. This case was against a non-resident oil company, and a resident individual employed as a chemist. Plaintiff sustained injuries using a new insecticide manufactured by the non-resident defendant. Plaintiff attempted to prove he was

working under the direction of the resident defendant. The jury returned a verdict for plaintiff against both defendants. On appeal the Supreme Court ruled that the demurrer as to the resident defendant should have been sustained, and reversed the judgment as to him, affirming the judgment as to the non-resident defendant. Fraudulent joinder was not raised. After the Supreme Court reversed as to the resident defendant, the non-resident sought to have the court remand the case to permit the non-resident defendant to remove the case to the federal court. The Supreme Court held that dismissal, by a ruling on its merits, of a party defendant whose presence prevents removal, does not make the case a removable one. We do not have such a case for ruling now.

The test to determine fraudulent joinder as stated by the Eighth Circuit Court of Appeals in Clancy v. Brown, 71 F.2d 110, 113, is:

> "It will not be exacted that the action must ultimately succeed, but there must be reasonable ground from the existing state of laws and facts to believe that the cause of action has merit; and it must be stated in good faith."

This being a diversity case the law of Missouri governs. We have been cited to no statutes or cases, and have found none, that would justify bringing an action against a salesman who merely takes orders and transmits them to his company, where the salesman is selling a product with which the purchaser is familiar, even though the product is inherently dangerous. If the purchaser relies on the recommendation of the salesman as to which product to buy, or seeks information as to its use, there would be some basis for asserting liability against a salesman. But where the salesman's only connection with the transaction is to take the order and forward it to the company, his connection does not subject him to liability.

Motion to remand is overruled.