### KELLY v. CHICAGO & A. RY. CO. et al.

#### (Circuit Court, W. D. Missouri, W. D.   April 27, 1903.)

1. REMOVAL OF CAUSES—TIME FOR FILING PETITION.

Under the first provisions of section 597 of the Missouri practice act, as amended by Laws 1901, pp. 85, 86, which applies to counties having over 40,000 population, and declares that every defendant who shall be summoned or notified according to law shall demur to or answer the petition on or before the third day of the term at which he is bound to appear, unless longer time be granted by the court, a defendant sued in such a county may file a petition for removal at any time not later than the third day of the term.

2. SAME—JOINDER OF DEFENDANT TO PREVENT REMOVAL—TRIAL OF ISSUE.

An averment in a petition for removal by a nonresident defendant on the ground of diversity of citizenship that a codefendant who is a citizen of the same state as plaintiff was joined for the sole purpose of preventing a removal, and that he in fact has no connection with the cause of action sued on, supported by proofs, such as affidavits, tenders an issue of fact for trial by the federal court; and, if not controverted, such averment stands admitted.

3. PRINCIPAL AND AGENT—JOINT LIABILITY FOR TORT—NONFEASANCE OF SERVANT.

A servant is not liable to third persons on account of his nonperformance of a duty of his employment, but only for acts of positive wrong and negligence; and an employé of a railroad company, charged with the duty of inspecting engines, cannot be joined with the company as a defendant in an action to recover for an injury resulting from the defective condition of an engine on the ground that he failed to properly inspect the same.

4. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

Rev. St. Mo. 1899, § 1060, which provides that a railroad company of that state leasing its road to a corporation of another state, or licensing or permitting a corporation of another state, under any running arrangement, to run engines and cars upon its road in the state, shall remain liable, as if it operated the road itself, and that the lessee shall also be liable for its own acts, does not create a joint liability in tort; and an action against the lessor and lessee based on an alleged act of negligence of the lessee presents a separable controversy, and is removable by the lessee where the plaintiff is a citizen of the state.

5. SAME—JOINDER OF DEFENDANT TO PREVENT REMOVAL.

Where it is apparent that the real purpose of the joinder of a defendant was to prevent a removal by its codefendant, which is a citizen of another state, the federal court will, if possible, sustain the right of removal.

6. SAME—TIME FOR FILING TRANSCRIPT IN FEDERAL COURT.

The removal act should be given such reasonable construction as will encourage comity between the two jurisdictions, and the right of removal will not be held lost because the petitioning defendant awaits the action of the state court upon his petition before filing the transcript in the federal court, although in consequence it is not filed until after the first day of the next ensuing term after the petition is presented, as required by the terms of his bond.

On Motion to Remand to State Court.

I. N. Watson, for plaintiff.

F. Houston, for defendants.

¶ 4. Removal of causes in cases involving separable controversies, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

PHILIPS, District Judge.   This action was instituted in the circuit court of Jackson county, Mo., on the 6th day of June, 1902.   As originally instituted, the suit was against the Chicago & Alton Railway Company and L. A. Strause, defendants.   No writ of summons appears to have been issued against the defendant Strause.   A writ of summons was issued against the Chicago & Alton Railway Company on the 10th day of June, 1902, made returnable on the second Monday in October; it being the 13th day of the month, which was the first day of the October term, 1902, of said court.   Afterwards, on the 18th day of September, 1902, in vacation of court, it seems that the plaintiff filed an amended petition herein; making the Kansas City, St. Louis & Chicago Railroad Company a party defendant. The transcript recites that said amended petition cannot be found with the papers, and is not, therefore, certified up with the transcript. The transcript does not show that any writ of summons ever issued against the railroad company added in the amended petition.   On October 14, 1902, which was the second day of the said October term of the state court, the defendant Chicago & Alton Railway Company filed its petition praying a removal of the cause into this court, from which petition it appears that the Chicago & Alton Railway Company was at the time of the institution of the suit, and yet is, a corporation of the state of Illinois, and that the plaintiff, Kelly, was during the time aforesaid, and still is, a citizen of the state of Missouri, and that the Kansas City, St. Louis & Chicago Railroad Company is also a citizen of the state of Missouri.   What the allegations of the amended petition were as to how the latter company became liable to the action, the court is not advised, because the petition is not in the transcript; but it is alleged in the petition for removal of the cause that prior to June 21, 1901, said Kansas City, St. Louis & Chicago Railroad Company leased its road to the Chicago & Alton Railroad Company, which latter road subsequently, in April, 1900, re-leased said road to the defendant Chicago & Alton Railway Company, which was in possession and control of said road, and was alone operating the same, on the 21st of June, 1901, at the time of the injury in question; that the Kansas City, St. Louis & Chicago Railroad Company at the time of the alleged injury had no control or authority whatever over said train, and was not operating it, and did not own it, and was in no wise liable to the plaintiff on account of the negligence of which he complains; that the defendant Strause was at said time an employé of the Chicago & Alton Railway Company, and had nothing whatever to do with the inspection or control over the engine of which the plaintiff complains; that he was a mere yard master, whose duties were confined exclusively to the making up of trains; and therefore there is no joint liability existing between the petitioning railroad and the other defendants.   The petition alleges that the other defendants were joined solely for the purpose of preventing the Chicago & Alton Railway Company from removing the case into this jurisdiction.   It tendered with said petition for removal a sufficient bond.   At said October term of said court, and on the 5th day of December, 1902, the state circuit court made an order approving said bond, and ordering the cause removed into this court.

The first ground of the motion to remand, which will be considered by the court, is that the suit was brought to the October term of the Jackson county circuit court, and summons was had upon the defendant Chicago & Alton Railway Company more than 15 days prior to the first day of the term, and the defendant Chicago & Alton Railway Company did not appear and file its petition and bond for removal in the time required by law. In other words, the contention of plaintiff's counsel is that the petition for removal should have been presented on the first, instead of the second, day of the term. This contention, in my opinion, is not well taken. The amendatory act, approved March 22, 1901 (Laws Mo. 1901, pp. 85, 86; section 597 of the practice act), in the first provision thereof, applies to counties having over 40,000 inhabitants, which declares that:

"Every defendant who shall be summoned or notified according to law shall demur to or answer the petition on or before the third day of the term at which he is bound to appear, unless longer time be granted by the court; and in every such case the action shall be triable at the return term."

This part of the section is complete in its provisions respecting suits instituted in .counties, like Jackson county, having a population of over 40,000 inhabitants. It requires that the defendant shall demur or answer the petition on or before the third day of the term, and makes the case absolutely triable at that term. The proviso of the statute has exclusive reference to suits instituted in counties having 40,000 inhabitants or less. Every defendant in such case summoned or notified 15 days prior to the return term shall demur or answer to the petition on or before the first day of the term at which he is required to appear, unless further time be granted by the court. The second clause of said proviso has reference to the preceding part of the proviso, and should be read, "and in all such cases where the defendant is served with process 30 days before the return term, he shall demur or answer to the petition on or before the first day unless longer time be granted by the court, and all such suits, where he has had 30 days' notice, shall be triable at the first term." It was stated by counsel at the hearing of this motion, and I doubt not its correctness, that the practice in the state circuit court of Jackson county recognizes the right of defendants to plead at any time within the first three days of the term. This construction of the act in question, as applied to Jackson county, I am satisfied, is correct. This objection, therefore, to the removal of the action is overruled.

The next objection to the removal is that the plaintiff and two of the defendants at the time of the institution of the suit were citizens of the state of Missouri; having reference, I assume, to the citizenship of the Kansas City, St. Louis & Chicago Railroad Company and the defendant L. A. Strause. It is to be borne in mind, as already stated, that this suit was originally instituted against the Chicago & Alton Railway Company and L. A. Strause. When the Chicago & Alton Railway Company was summoned to appear and answer to the complaint, it was to that of the plaintiff against it and said Strause. After it was so summoned, and before the return day of the writ of summons, the plaintiff filed in the clerk's office, in vacation, what he terms an "amended petition," making the Kansas City, St. Louis & Chicago

Railroad Company a party defendant. It does not appear that any notice of this amended petition was served on the Chicago & Alton Railway Company. It has been expressly decided by this court, in Peterson v. Chicago, M. & St. P. Railway Company, 108 Fed. 561, that the practice act does not recognize the right of a plaintiff to file such amended petition in vacation in the clerk's office prior to the term of court at which the first defendant was summoned to appear, and that the plaintiff cannot, by this species of maneuver, defeat the right of the defendant originally sued, and served with summons, to appear to the action and petition for a removal.

In this state of the record, the petition of the Chicago & Alton Railway Company for a removal of the cause alleges that the defendant Strause was at the time of the injury in question an employé of the petitioner, and had nothing whatever to do with the inspection or other control over the engine of which the plaintiff complains, and that the duties of said Strause were those of a yard master—confined exclusively to the making up of trains; and that said Strause was joined as a codefendant for the sole purpose of avoiding and defeating the jurisdiction of the United States court, and to fraudulently deprive the petitioner of the right of removal. This petition is supported by affidavit. Even where the petition stating the cause of action on its face presents a joint liability between a resident and nonresident defendant, it may nevertheless be shown in the petition for removal that in fact no cause of action exists against the resident defendant, and that his joinder as a codefendant was for the purpose of defeating the removal of the cause, and that where this allegation of the petition for removal is supported by proofs, as by affidavits, it devolves upon the plaintiff to take issue upon this fact, which issue shall be tried by the United States court, and, if the plaintiff fail to controvert such petition and affidavit, the allegations of the petition for removal stand admitted. Ross v. Erie R. Co. et al. (C. C.) 120 Fed. 703; Dow v. Bradstreet Company et al. (C. C.) 46 Fed. 824, 827, 828; Durkee v. Illinois Central Railroad Company (C. C.) 81 Fed. 1; Prince v. Illinois Central Railroad Company (C. C.) 98 Fed. 1; Arrowsmith v. N. & D. R. Co. (C. C.) 57 Fed. 170.

Beyond all this, the plaintiff, in stating his cause of action, does not show a joint liability of the Chicago & Alton Railway Company and said Strause. The injury to the plaintiff resulted directly from the explosion of an engine owned and operated by the Chicago & Alton Railway Company while drawing a train of cars near the city of Independence, Mo., on which train the plaintiff was a passenger. The defendant Strause is alleged to have been a yard master in the employ of the Chicago & Alton Railway Company, in charge of its yards at Slater, Mo., and that he neglected to perform his duty, in that he failed to make an inspection of the engine, so as to ascertain its unsafe condition, and that, by reason of this negligence in not making the inspection and repair, the engine was not capable of standing the pressure of steam requisite to pull the train of cars in question, and that the explosion ensued. Under the allegations of this petition, Strause was a mere servant of the railway company, charged with the duty of inspecting the engines of the company before they were suf-

122 F.—19

fered to go out of the defendant's yards at Slater, Mo. His failure to do this was simply an act of omission or nonfeasance, and nothing more. I understand the law to be that the agent or servant is personally liable to third parties for doing something—committing a positive act—which he ought not to have done, but not for not doing something which he ought to have done. In the latter case he is liable only to his employer. Ewell's Evans on Agency, p. 438. Story, on Agency (9th Ed.) §§ 308, 309, in discussing this question said:

"We come, in the next place, to the consideration of the liability of agents to third persons in regard to torts or wrongs done by them in the course of their agency. * * * And here the distinction ordinarily taken is between acts of misfeasance, or positive wrongs, and nonfeasance, or mere omissions of duty, by private agents. * * * The master is always liable to third persons for the misfeasances and negligences and omissions of duty of his servant in all cases within the scope of his employment. So the principal, in like manner, is liable to third persons for the like misfeasances, negligences, and omissions of duty of his agent; leaving him to his remedy over against the agent in all cases where the tort is of such a nature as that he is entitled to compensation. * * * The agent is also personally liable to third persons for his own misfeasances and positive wrongs. But he is not * * * liable to third persons for his own nonfeasances or omissions of duty in the course of his employment. His liability in these latter cases is solely to his principal. * * * And hence the general maxim as to all such negligences and omissions of duty is, in cases of private agency, respondeat superior. * * * The distinction, thus propounded, between misfeasance and nonfeasance, between acts of direct, positive wrong, and mere neglects by agents as to their personal liability therefor, may seem nice and artificial, and partakes perhaps not a little of the subtlety and overrefinement of the old doctrines of the common law. It seems, however, to be founded upon this ground: that no authority whatsoever from a superior can furnish to any party a just defense for his own positive torts or trespasses, for no man can authorize another to do a positive wrong. But in respect to nonfeasances or mere neglects in the performance of duty the responsibility therefor must arise from some express or implied obligation between particular parties standing in privity of law or contract with each other, and no man is bound to answer for any such violations of duty or obligation, except those to whom he has become directly bound or amenable for his conduct."

This doctrine is approved by Judge Sherwood in Steinhauser v. Spraul, 127 Mo. 552 et seq., 28 S. W. 623, 27 L. R. A. 441. See, also, Trowbridge v. Forepaugh, 14 Minn. 133 (Gil. 100); Harriman v. Stowe, 57 Mo. 93.

Had the defendant Strause, the servant of the defendant Chicago & Alton Railway Company, done some positive act, amounting to a misfeasance, which contributed to the injury, a joint action might have been lodged against him and the railway company, but this is not the case presented by the petition. So, under the suit pending at the time the defendant railway company was summoned as a party defendant, no joint cause of action was pending against it and the defendant Strause, and the suit was clearly removable as to it.

It is evident to the mind of the court that plaintiff's counsel, after the institution of this suit against the Chicago & Alton Railway Company and said Strause, reached the conclusion in his own mind that there was no joint cause of action against the two defendants, for the reason that no writ of summons was ever issued against the defendant Strause, and there was no appearance by him. And therefore, to

compass the defeat of the right of removal by the Chicago & Alton Railway Company, recourse was had to joining the Kansas City, St. Louis & Chicago Railroad Company as a party defendant by an attempted amended petition, filed in vacation of court, between the issue of the summons and service thereof on the Chicago & Alton Railway Company, and the return day thereof. This conception of the pleader is perhaps based upon the provision of the Missouri statute (section 1060, Rev. St. Mo. 1899, which was in force at the time of the alleged injury in question) that:

"A corporation in this state leasing its road to a corporation of another state, or licensing or permitting a corporation of another state, under any running arrangement, to run engines and cars upon its road in this state, shall remain liable as if it operated the road itself; and a corporation of another state, being a lessee of a railroad in this state, or running its engines and cars upon a railroad in this state under a license, permit, or running arrangement, shall likewise be held liable for the violation of any of the laws of this state, and may sue and be sued in all cases and for the same causes and in the same manner as a corporation of this state might sue or be sued if operating its own road; but a satisfaction of any claim or judgment by either of said corporations shall discharge the other."

From the record before this court, in the absence of the amended petition, which the transcript does not disclose, the court cannot say that it states a cause of action against the Kansas City, St. Louis & Chicago Railroad Company, as lessor, within the terms of the statute above quoted. While the petition for removal alleges the fact of a lease by said Kansas City, St. Louis & Chicago Railroad Company to the Chicago & Alton Railroad Company, which latter company released it to the Chicago & Alton Railway Company, it does not recite this as a fact alleged in the plaintiff's petition. In this condition of the record before the court, the plaintiff has filed his motion to remand, leaving the court to supply by mere imagination or inference what the state of the pleading is. In this conjuncture, for the reasons already stated, the motion might well be denied. Even if it were conceded that the amended petition alleged the requisite facts to show a liability of the Kansas City, St. Louis & Chicago Railroad Company as lessor or licensor, would it follow that the nonresident lessee or licensee is not entitled to remove the suit? It is observable that the statute reserving the liability of the lessor or licensor merely declares that it "shall remain liable as if it operated the road itself." It does not declare a joint liability between it and the lessee or licensee, but declares simply that, notwithstanding the lease, the original company shall remain liable for the wrongful act of the lessee or licensee. In some of the states—as in Ohio, for instance (see Diday v. N. Y., P. & O. R. Co. et al. [C. C.] 107 Fed. 566)—the lessor and lessee railway companies are by statute expressly made jointly liable for such damages, which, as already stated, is not done under the Missouri statute in question. Involved in the issue of the liability of the lessor company is the question of lease or no lease. So, if it should turn out on the trial that there was no such lease or running arrangement as contemplated by the statute, the action would fail as to it, no matter what the negligence or liability of the Chicago & Alton Railway Company might be. The cause of action, however, would

be maintainable against the latter company, with or without the relation of lessor and lessee between it and the Kansas City, St. Louis & Chicago Railroad Company, if the evidence showed that the injury was occasioned by the former's negligence in operating the engine. The provision of the statute making the lessee or licensee liable for such injury in operating its engine or cars is only declaratory of what the common law would attach to its negligent act. So that the issues apparent on the face of the petition, in point of fact and law, are not identical as to these defendants. The one is not liable if there was no contract of lease or running arrangement, no matter what was the negligent act of the other, and the other would be liable for its negligent act, no matter if there was no such contractual relation between the two companies. The controversy, therefore, is separable.

If it were conceded that the injured party might sue the lessor and lessee jointly, yet his election to do so ought not to deprive the nonresident defendant of the valuable right to invoke the jurisdiction of the federal court, to get rid of the apprehended local influence, when its liability does not depend upon an issuable fact not common to both defendants. In other words, they are not joint tort feasors. The tort was committed alone by the Chicago & Alton Railway Company. Judge Bliss, in his work on Code Pleading (3d Ed.) par. 83, states the proposition as follows:

"Persons are not jointly liable for a tort merely because they have some connection with it, even if it may give a several cause of action against them. There must be a co-operation in fact."

Quoting in support of this postulate the following from Pomeroy's Civil Procedure:

"There must be some community in the wrongdoing among the parties who are to be united as codefendants. The injury must be, in some sense, their joint work."

The lessor company is made independently answerable by statute, as a condition to the grant of license to the operating company. It would have recourse on the lessee for restitution, should it satisfy the claim for damages. Not so with the lessee. It is answerable for its own wrong, without any right of recourse on its lessor, independent of the relation of lessee. The plaintiff's right of recovery against one of the defendants depends upon the relation of lessor and lessee between the defendants, while against the other he may recover without such relation being established.

The afterthought of bringing the old Kansas City, St. Louis & Chicago Railroad Company into this controversy is so palpably for the purpose of preventing the removal by the real defendant into this jurisdiction that the rule strictissimi juris should be rigidly applied. As suggested by Mr. Justice Miller in Arapahoe County v. Railway Company, 4 Dill. 277, Fed. Cas. No. 502, courts should be astute not to permit devices to become successful which are used for the very purpose of destroying the right of removal. See Arrowsmith v. N. & D. R. Co. (C. C.) 57 Fed. 65–170.

It is further objected to the jurisdiction of this court that the transcript from the state court was not filed here on or before the first

day of the November term, 1902. While the petition and bond for removal were presented to the state court on the 14th day of October, 1902, for some reason undisclosed by the record the order of removal was not made until the 5th day of December, 1902. It is to be assumed that, either from the pressure of business in the state court, or the contention made therein by the plaintiff against the removal, the court was not able earlier to act upon the petition for removal. While jurisdiction over "the controversy"—the suit—by the state court was suspended on the presentation of the proper petition and bond, and either party might then have filed a transcript in the United States court, if the plaintiff conceded the right of removal, it is the customary practice, and one respectful to the state court, to await the action of that court on the petition for removal referred to it for its consideration. The removal act should receive such reasonable construction as will encourage comity between the two jurisdictions, and a respectful consideration due to the action of the state court. The requirement of filing a transcript in the United States court on the first day of the next session is confined in the removal act to the bond. To look to the letter, rather than to the spirit, of this provision, if the next session of the United States court should convene the day following the presentation of the petition and bond for removal, and the court should delay action thereon for two days, out of the necessities of its situation, it would result that the right of removal would be gone if the petitioner did not, eo instante, rush off with the transcript and file it the next day in the federal court. I am unwilling to give such strained and unreasonable construction to the statute.

The motion to remand is denied.