MARACH v. COLUMBIA BOX CO. et al.

(Circuit Court, E. D. Missouri, E. D. June 15, 1910.)

No. 5,824.

REMOVAL OF CAUSES (§ 49*)—CITIZENSHIP—SEPARABLE CONTROVERSY.

Plaintiff alleged the death of her decedent while working in the mill of defendant box company, a foreign corporation, owing to the latter's failure to provide a reasonably safe place for plaintiff to work, in that such company was required, but failed, to provide a guarded platform over its shaving pit, where plaintiff was required to go to open the pipes leading into it, and that while performing such work, and using a defective stick provided by defendant, deceased fell from the platform by reason of its unguarded condition, and lost his life. The petition alleged, also, that defendant K., a resident of the same state as plaintiff, was negligent in failing to inspect the place and appliances, and discover and report any defects found therein to defendant company. Held, that the box company and defendant K. were not jointly liable, but that there was a separable controversy between plaintiff and the box company, which was removable to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 49.*

Separable controversy as ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

Action by Mary Marach against the Columbia Box Company and another. On motion to remand. Denied.

John C. Robertson, for plaintiff.

Watts, Williams & Dines and Wm. R. Gentry, for defendants.

DYER, District Judge. The motion to remand in this case is based upon the proposition that the controversy is not wholly between citizens of different states. This raises the question as to whether the plaintiff has a joint cause of action against the two defendants. This must be determined by the averments in the plaintiff's petition.

The plaintiff is the widow of the deceased, who came to his death, it is alleged, by the negligence of the box company in failing to provide a reasonably safe place for the deceased to work in; that it "provided a short platform, consisting of boards placed upon girders; that said platform is about one foot or more wide and about six feet long; that said boards were on the day aforesaid not properly fastened, and said platform was wholly unguarded with a rail or fence, or anything whatever, for the protection of the person standing and working thereon"; that the box company was further negligent in failing to provide its system of "blowpipes" with proper and reasonably safe "shut-offs," and in providing a stick that was short and of rotten material, and not a reasonably safe appliance, and in maintaining and operating a system of "blowpipes" that were not safe, and the system was old, inadequate, and unsafe. The petition states that on the 28th day of July, 1909, the plaintiff was at work in a reasonably safe place in said factory, and that he was ordered and directed by the foreman of the defendant to go into the shavings pit and open up the pipes etc., and that such were

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not his usual and ordinary duties in and about said factory; that while performing the work directed to him, and while standing upon said platform and using the stick so provided by defendant, and while standing upon said platform, which was on said day covered with shavings, the deceased fell from said platform by reason of its unguarded and unfenced condition, and by reason of his unsteady foundation on said platform, into the pit and lost his life.

It clearly appears from this petition that the plaintiff lost his life by falling from a platform which was unsafe for the purposes for which it was used, and that this platform had been erected there by the box company. The only allegation in the petition which tends in any way to make Krueger, the superintendent, responsible, is this: That he was—

"charged with the duty, among others, of providing and inspecting the place in which the deceased had to work, and the appliances with which he had to work; that said defendant Martin L. Krueger had entered upon the discharge of this among his other duties; and that said defendant Martin L. Krueger negligently failed to perform his duty of providing and continually inspecting the place where deceased had to work, and the appliances with which he had to work, and that by reason of his said negligence in this behalf, he is jointly liable," etc.

The duty of the master, to wit, the box company, to the deceased, to provide a reasonably safe place for men to work, is not to be questioned. The duty of Krueger, under his employment by the box company, was to inspect these places, and supposedly, if any defect was discovered, to report the same to the master. The failure to perform the duty imposed upon him by the master neither excused the master from providing a reasonably safe place for the deceased to work in, nor does it establish in any wise a joint liability of a master and servant to the plaintiff. If Krueger, superintendent for the defendant, was guilty of any negligence whatever, that negligence of the servant might be assigned as a cause of action against the master.

In my judgment the case was properly removed to this court. and the motion to remand will be denied.