### FLOYT v. SHENANGO FURNACE CO. et al.

(Circuit Court, D. Minnesota, Fifth Division. April 29, 1911.)

1. MASTER AND SERVANT (§ 311*)—INJURIES TO SERVANT—LIABILITY OF FELLOW SERVANT.

Negligence of a superintendent in failing to see that a ladderway in the mine was in reasonably safe condition, resulting in injury to plaintiff, a fellow servant, constituted mere nonfeasance in failing to perform a positive duty of the master, for which such superintendent was not liable, under the rule that a servant is not liable to third persons or coemployés for nonfeasance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1236; Dec. Dig. § 311.*]

2. REMOVAL OF CAUSES (§ 36*)—JOINDER OF RESIDENT DEFENDANTS—SEPARABLE CONTROVERSY—NO CAUSE OF ACTION.

Where plaintiff joined a resident coemployé as a party defendant to an action against his nonresident corporate employer to recover for injuries alleged to have resulted because of the master's negligent failure to provide plaintiff with a reasonably safe place in which to work, and the complaint on its face disclosed no cause of action against such resident defendant, his joinder was fraudulent, and no bar to a removal of the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

Action by Arthur Floyt against the Shenango Furnace Company and another. On motion to remand the cause to the state court. Denied.

J. De La Motte, for plaintiff.
Washburn, Bailey & Mitchell, for defendants.

AMIDON, District Judge. This cause came on to be heard upon the motion of the plaintiff to remand the case to the state court, and was heard upon the complaint and the petition filed by the defendant Shenango Furnace Company for the removal of the cause to the federal court.

[1] It appears from the complaint that the defendant Shenango Furnace Company, a foreign corporation, is engaged in operating an underground mine, and in connection therewith employed what is known as a "ladderway" leading from one level of the mine to another. The workmen were required to pass over this ladderway in the performance of their duty, and the complaint charges that the defendant failed to perform its duty to maintain this appliance in a reasonably safe condition. The complaint further charges that the defendant James Hodgon is a citizen of the same state as the plaintiff. He is known as a "mining captain," and was charged with the supervision of the mine and the workmen engaged therein, and that it was also his duty to see that the appliances used in the mine were in a reasonably safe condition. The only negligence charged against him is simply nonfeasance, in that he failed to perform the positive duty of the master to properly inspect and repair the ladderway. Upon well-established principles of the common law, Hodgon was not liable to third parties or coemployés for nonfeasance. For that he is liable only to his empolyer. Bryce v. Southern Ry. Co. (C. C.) 125 Fed. 959; Mechem on Agency, §§ 569, 573; Greenberg v. Whitcomb Lumber Co., 90 Wis. 231, 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. Rep. 911; Murray v. Usher, 117 N. Y. 542, 23 N. E. 564; Drake v. Hagan, 108 Tenn. 265, 67 S. W. 470.

[2] When the complaint thus discloses upon its face that the plaintiff has no cause of action against the employé who is made defendant, the cause is removable by the other defendant, if the proper diversity of citizenship exists between that defendant and the plaintiff. Marach v. Columbia Box Co. (C. C.) 179 Fed. 412; Lockard v. St. Louis & San Francisco R. R. Co. (C. C.) 167 Fed. 675; Chicago, R. I. & P. Ry. Co. v. Stepp (C. C.) 151 Fed. 908.

The case of Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, settles the question, that has for some time been in doubt, that when an employé is joined by the plaintiff as codefendant with the employer, and it is made to appear that the plaintiff in fact has no cause of action against such employé, and the circumstances are such that the plaintiff must have known that he had no cause of action when he made him a defendant, and that such employé is joined as a defendant solely for the purpose of defeating the right of the other defendant to remove the cause into the federal court, the joinder of the employé is then fraudulent, and the cause may be properly removed by the other defendant, if the requisite diversity of citizenship exists. In the case just referred to, the fact that the plaintiff had no cause of action against the employé did not appear on the face of the complaint, but was disclosed by the petition and by affidavits, and upon the showing thus made it was held that the fact that the plaintiff had no cause of action against the employé justified the inference that his joinder as a defendant was fraudulent. To the objection that this inference ought not to be drawn, the court said at page 185 of 204 U. S., at page 188 of 27 Sup. Ct. (51 L. Ed. 430):

"It is objected that there was no proof that Wecker knew of Wettingel's true relation to the defendant, and consequently he could not be guilty of

fraud in joining him; but even in cases where the direct issue of fraud is involved, knowledge may be imputed where one willfully closes his eyes to information within his reach."

If a showing by affidavit that the plaintiff has no cause of action as against the employé will sustain a removal by the other defendant, surely that result ought to follow when the complaint upon its face makes the same disclosure. There can be no higher evidence that the joinder is fraudulent than the fact that on the face of the complaint, under well-established principles of law, no cause of action is stated against the employé. It has been invariably held that, if the plaintiff dismisses his action as to the employé, the cause may then be removed into the federal court by the other defendant; but if the complaint states no cause of action against the employé, the case stands the same as it would upon a dismissal as to him. Under such circumstances, it appears upon the face of the pleading that there is only a single controversy, and that that controversy is wholly between the plaintiff and the other defendant. Upon such a record it would seem altogether plain that the cause is removable into the federal court, when the proper diversity of citizenship exists between the plaintiff and the only defendant as to whom a cause of action is stated.

The motion to remand is therefore denied.