RICHARDSON et al. v. SOUTHERN IDAHO WATER POWER CO. et al.

(District Court, D. Idaho. November 12, 1913.)

1. REMOVAL OF CAUSES (§ 29*)—DIVERSITY OF CITIZENSHIP—SEVERAL DEFENDANTS—NOMINAL PARTY.

Where plaintiffs and one of the defendants were residents of the same state, the case could not be removed by the other defendants for diverse citizenship unless the resident defendant could be disregarded as a mere nominal party.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 69, 72, 74; Dec. Dig. § 29.*]

2. REMOVAL OF CAUSES (§ 57*)—NONRESIDENT DEFENDANTS—JOINDER—SEPARABLE CONTROVERSY.

Under the rule that all resident defendants to a controversy must join in a petition for removal, a petition by one of such defendants will not confer federal jurisdiction unless the controversy between the plaintiffs and the removing defendant is separable and can be fully determined without the presence of all of the other defendants.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 109; Dec. Dig. § 57.*]

3. REMOVAL OF CAUSES (§ 30*)—DIVERSE CITIZENSHIP—JOINDER OF RESIDENT PARTY—LIABILITY—NOMINAL PARTY.

Decedent, an employé of the G. Company, a foreign corporation in the construction of an electric power house, was killed by an electric shock received while passing over the concrete roof due to the charging of reinforcing steel used in the construction. An action was brought for decedent's death against his employer, the G. Company, and against the latter's superintendent, D., who was of the same citizenship as plaintiffs. D., however, was charged with no acts of misfeasance or of positive wrong contributing to decedent's death, but only with acts amounting to a failure to discharge his duty to his employer, while the G. Company's negligence consisted of its failure to use proper care in providing a safe place for decedent to work. Held, that D. owed no duty to decedent in that respect; his obligation being to the G. Company alone, and hence he was a mere nominal party whose joinder did not prevent the G. Company from removing the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 70; Dec. Dig. § 30.*]

4. REMOVAL OF CAUSES (§ 47*)—JOINDER OF DEFENDANTS—STATEMENT OF CAUSE OF ACTION.

The rule that, if the complaint fails as a matter of law to exhibit a cause of action against the resident defendant, his presence may be disregarded and the controversy considered as one wholly between plaintiff and the nonresident defendant, is subject to the qualification that the nature of the cause of action or controversy is what plaintiff in his pleadings has reasonably and in good faith declared it to be, and that plaintiff's right to retain the action in the state court may not be defeated by a mere failure through inadvertence or want of skill perfectly to state the facts constituting the cause of action.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 92; Dec. Dig. § 47.*]

5. REMOVAL OF CAUSES (§ 36*)—CITIZENSHIP—RESIDENT DEFENDANT—JOINDER —CAUSE OF ACTION—PLEADING—GOOD FAITH.

Where, in an action against a resident and a nonresident defendant, it is apparent that the facts have been fully stated, and they furnish no reasonable ground for contending for a liability of the resident defendant, it may be reasonably inferred therefrom that plaintiff was guilty of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bad faith in joining him and that his joinder was to prevent a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

6. REMOVAL OF CAUSES (§ 59*)—PETITION TO REMOVE—JOINT DEFENDANTS—LIABILITY—JOINDER.

Decedent, an employé of the G. Company, a foreign corporation having a contract to construct a power house for the S. Power Company, also a foreign corporation, having been directed by his superintendent to paint the roof on a higher portion of the power house, suffered an electric shock as he was passing over the concrete roof due to the reinforcing steel having become charged with electricity from certain high tension wires over which defendants other than the G. Company had caused a high voltage current to be transmitted to test certain new machinery, from which shock decedent subsequently died. *Held* that, while the G. Company might be liable for failure to furnish decedent with a safe place to work, the power company might also be liable for failure to use reasonable care to see that its premises on which decedent was an invitee were reasonably safe, and hence, though the ground of liability was not the same, both defendants might be properly joined, so that a petition by the G. Company to remove, in which the power company did not join, could not be sustained.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 112, 113; Dec. Dig. § 59.*]

At Law. Action by Polly May Richardson, widow of Walter W. Richardson, deceased, and another, against the Southern Idaho Water Power Company and others. On petition of defendant James A. Green & Co. for removal, the cause was removed to the federal courts, and plaintiffs moved to remand. Granted.

Frawley & Block and Luther W. Tennyson, all of Boise, Idaho, for plaintiffs.

Booth, Lee, Badger, Rich & Parke, of Salt Lake City, Utah, for defendant Jas. A. Green & Co.

DIETRICH, District Judge. The action was brought to recover damages for the death of Walter W. Richardson, who was killed on February 26, 1913, by an electric shock, received while he was employed as a painter upon the new power house of the Southern Idaho Water Power Company at American Falls, Idaho; it being alleged that the accident was due to the joint negligence of the several defendants. The plaintiffs, who are the heirs of the deceased, and the defendant Day, are residents of the state of Idaho; the other defendants, four corporations, are nonresidents. The action was commenced in the state district court, and upon the petition of the defendant James A. Green & Co. it was removed here. Upon behalf of the removing defendant it is contended that the complaint exhibits a separable controversy between it and the plaintiffs, and it is further alleged that the defendant Day was fraudulently joined as a defendant for the purpose of defeating the jurisdiction of this court. The plaintiffs filed a reply to the petition for removal, traversing the averments of fraudulent joinder; but the issue thus presented was, at the hearing of the motion

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to remand, submitted upon the face of the record, without other evidence.

It is shown by the complaint that the defendant Southern Idaho Water Power Company, being the owner of a power site at American Falls, employed the defendant James A. Green & Co. to construct a power house, and employed the General Electric Company to install therein the necessary machinery for generating and transmitting electric current. It does not appear very clearly just what the relation of the defendant Lynch-Cannon Engineering Company was to the project, but apparently it was associated in some manner with the General Electric Company in installing the machinery. The construction of the power house and the installation of the machinery were carried on concurrently, and, just prior to the accident, Richardson, who was in the employ of James A. Green & Co., was directed by its superintendent, W. F. Day, to paint the roof on the higher portion of the power house. In order to reach this roof it was necessary for him, and he was directed by his employer, to pass over the roof of the lower section of the building, which latter roof was constructed of concrete, reinforced with steel. Coming from an existing generating plant belonging to the power company, and penetrating the roof, and connecting with the machinery inside, were three high-tension wires, over which the defendants, other than Green & Co. and Day, had caused a current of high voltage to be transmitted, for the purpose of testing out the new machinery. These wires were not insulated at the point where they passed through the roof of the power house, and as a consequence, it is claimed, the steel reinforcement of the concrete roof became charged, and when Richardson stepped upon it he received the fatal shock. It is averred that the roof was negligently constructed, and that the wires were negligently carried through the same without insulation, and that all of the defendants knew, or by reasonable care should have known, of its dangerous condition, whereas Richardson was, without any want of care upon his part, ignorant thereof.

[1, 2] The objection to the sufficiency of the removal proceedings to confer jurisdiction assumes two phases, one involving the relation of the responsibility of Green & Co. for the accident to that of its superintendent, Day, and the other involving the relation of the responsibility of Green & Co. to that of the other defendant corporations. In the first place, both the plaintiffs and Day being residents of this district, the case does not present the requisite diversity of citizenship, unless Day can be disregarded as a defendant upon the ground that he is merely a nominal party. But a ruling in favor of the removing defendant upon this point is not in itself sufficient upon which to predicate the right of removal. It being a rule of law that all of the nonresident defendants to a controversy must join in the petition for removal, and the petition here being by Green & Co. alone, even if we disregard the presence of Day, the proceedings do not operate to confer jurisdiction, unless it be held that there is involved a controversy between Green & Co. and the plaintiffs which can be fully determined without the presence not only of Day, but of each of the other defendant corporations. If therefore the complaint exhibits a joint cause

of action against Green & Co. and any other one of the defendants, the motion to remand must be allowed.

[3] While the question is not entirely free from doubt, I am inclined to. the view that, were Green & Co. and Day the only parties defendant, the cause· should be retained upon the ground that Day is, under the allegations of the amended complaint, only a nominal party. He is charged with no acts of misfeasance, no acts of positive wrong, contributing to Richardson's death, but only with failure to discharge his duty to his employer. Green & Co.'s negligence, if any there be, consists in its failure to use. proper care in providing a safe place for Richardson in which to work. Day owed no duty to Richardson in this respect; his obligation was to his employer alone. Kelly v. Chicago & A. Ry. Co. (C. C.) 122 Fed. 289; Marach v. Columbia Box Co. (C. C.) 179 Fed. 412; Floyt v. Shenango Furnace Co. (C. C.) 186 Fed. 539. The complaint therefore fails to state a cause of action against Day.

[4] Now authority is not wanting for the proposition that, if the complaint fails as a matter of law to exhibit a cause of action against the resident defendant, his presence may be disregarded, and the controversy considered as one wholly between the plaintiff and the nonresident defendant. Nelson v. Hennessey (C. C.) 33 Fed. 113; Bryce v. Southern Ry. Co. (C. C.) 122 Fed. 709; Floyt v. Shenango Furnace Co. (C. C.) 186 Fed. 539; McAllister v. Chesapeake & O. Ry. Co. (D. C.) 198 Fed. 660. I cannot go so far, however, as to accept this as a rule of universal application. It is well settled that for the purposes of removal the nature of the cause of action or controversy is what the plaintiff has in his pleadings reasonably and in good faith declared it to be. The plaintiff's right to retain the action in the state court should not be defeated by a mere failure, through inadvertence or want of skill, perfectly to state the facts constituting the cause of action, or where there is some doubt whether or not the facts disclosed should, under the rule prevailing in the state court, be held to constitute a cause of action against the resident defendant. In the one case the defect may be remedied by amendment, and in the other the plaintiff has the right to have the question passed upon by the state court. In general it is thought that the sufficiency or insufficiency of the facts stated in the complaint against the resident defendant bears upon the plaintiff's intent in. making him a party, and is of evidentiary value only.

[5] In a case where it is apparent that the facts have been fully stated, and they furnish no reasonable ground for contending that the defendant is liable, the conclusion of bad faith in joining him as a defendant may be irresistible. And so under changing circumstances the fact of the insufficiency of the complaint will have different degrees of probative value. The action here was originally brought against Green & Co., the General Electric Company, and the Lynch-Cannon Engineering Company, all foreign corporations, and the American Falls Power Company, a corporation organized under the laws of Idaho. In the amended complaint the Southern Idaho Water Power Company, a foreign corporation, was substituted for the American

Falls Power Company, a domestic corporation, and the name of W. F. Day was entered. Considering these circumstances together with the fact that apparently the facts are fully stated against the defendant Day, and yet they are insufficient to constitute a cause of action against him, it would not be unreasonable to conclude that he is a nominal party only, and was joined merely to prevent removal; but in the view I have taken of the other phase of the case it is unnecessary to fully consider or to decide this point.

[6] As already stated, if a joint cause of action is stated against Green & Co. and any other one of the defendants, the removal proceedings do not give us jurisdction. Let us consider, therefore, the relation of one of the other defendants, the Southern Idaho Water Power Company, to the accident. The record leaves no doubt that the plaintiffs in good faith, and not without reason to believe that they had a right so to do, joined this company as a codefendant with Green & Co., upon the theory that both are jointly responsible for the death of their intestate. As to Green & Co. and the Water Power Company, therefore, the case is one where there has been an attempt to join in good faith the two "defendants as for a joint liability in tort."

"It is well settled that an action of tort which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one." Powers v. Chesapeake & O. Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Alabama Southern Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Southern Ry. Co. v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528.

The power company was the proprietor of the premises upon which the deceased was employed, and, while it did not rest under the obligation of a master to provide safe appliances and a safe place to work, still the deceased was there by its invitation, either express or implied, and it owed to him a measure of duty in guarding him against the consequences of hidden dangers. Generally speaking, this obligation is doubtless analogous to that which a proprietor owes to a guest or other person coming upon his premises by invitation. 1 Thomp. Neg. § 680; Stevens v. United Gas Co., 73 N. H. 159, 60 Atl. 848, 70 L. R. A. 119; O'Driscoll v. Faxon, 156 Mass. 527, 31 N. E. 685. But it is unnecessary to define to a nicety just what the power company's obligation to Richardson was, or to hold that a cause of action has been stated against it with all the fullness that might be desired. It appears that in good faith the plaintiffs assert a claim against it, and that such claim is not without reasonable support, both in fact and law. It is exclusively for the court having jurisdiction of the cause to define with precision the extent of the defendant's duty and to determine whether or not the facts stated constitute a violation thereof.

However, as I understand, the moving defendant does not seriously

contend that a cause of action is not stated against the power company, but .it most earnestly urges that the acts of negligence charged against Green & Co. are separate and distinct from those charged against each and all of its codefendants. In the sense that the defendants were not partners or jointly interested, or acting pursuant to some preconcerted plan, the contention is doubtless correct; but it does not follow that they cannot be joined in the same action. Accepting as true the facts as they are alleged, the negligence of each and all the defendants was concurrent, and co-operated in causing the accident, and in case of co-operating or concurrent negligence the injured party may, at his option, sue the wrongdoers either jointly or severally.

"If the concurrent or successive negligence of two persons combined together results in an injury to a third person, he may recover damages of either or both." 1 Thomp. Neg. § 75; 23 Cyc. 433; 29 Cyc. 487.

An illuminating discussion may be found in Graves v. City & Suburban Telegraph Association (C. C.) 132 Fed. 387. See, also, Goede v. City of Colorado 'Springs (D. C.) 200 Fed. 99; Railway Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055. To adopt the view contended for by the removing defendant would be equivalent to holding that there has been a misjoinder of parties defendant, and that, in order to recover from them, it would be necessary for the plaintiffs to bring a separate suit against each one. Such should not be the law. According to the showing made by the complaint, each contributed to the accident, the injury was single, and the damage claimed is indivisible and is the result of the concurrent co-operating negligence of all.

In that view it is thought that the motion to remand must be allowed. An order will be entered accordingly.