PLUNKETT v. GULF REFINING CO. et al.

(District Court, N. D. Georgia. June 10, 1919.)

No. 364.

1. MASTER AND SERVANT ⬡=311—PERSONAL INJURY—LIABILITY OF EMPLOYÉ—NONFEASANCE.

A corporate overseer's failure to give notice of the false bottom of a tank *held* a mere nonfeasance, which did not render him liable for injuries received by another employé when the bottom fell.

2. REMOVAL OF CAUSES ⬡=61—SEPARABLE CONTROVERSY—DECLARATIONS.

Where a nonresident corporate employer and a resident employé are joined as defendants, the employer may remove the case, if the declaration states no cause of action against the individual defendant.

3. REMOVAL OF CAUSES ⬡=36—DIVERSE CITIZENSHIP—IMPROPER JOINDER OF RESIDENT EMPLOYÉ AND NONRESIDENT CORPORATE EMPLOYER.

A declaration in a servant's suit against his nonresident corporate employer and a resident overseer for injuries by the falling of the false bottom of a tank, charging that the injuries resulted from the overseer's failure to notify plaintiff of the false bottom, *held* to state no cause of action against the overseer personally, since such failure was a mere nonfeasance, and his joinder did not prevent removal of cause.

---

⬡=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Andrew J. Plunkett against the Gulf Refining Company and H. L. Plunkett. On motion to remand to a state court. Denied.

See, also, 259 Fed. 974.

Hill & Adams, of Atlanta, Ga., for plaintiff.
W. Carroll Latimer, of Atlanta, Ga., for defendants.

NEWMAN, District Judge. This is a suit brought by the plaintiff against the defendants for an injury to the plaintiff caused in this way, according to the declaration:

The plaintiff was employed by the defendant the Gulf Refining Company, and H. L. Plunkett was the superintendent of construction for this company in the construction of a stable and garage in Fulton county, Ga., and as such official was the alter ego of the Gulf Refining Company, personally directing the work herein described, and through his negligence caused the injuries to the plaintiff. It seems that the plaintiff, a carpenter, was by direction engaged in other work, and was assisting in cleaning out a tank containing tar, which was to be used as a roof covering. The tank containing the tar was being cleaned, or attempted to be cleaned, by the plaintiff, under the direction of the defendants. The defendants ordered the plaintiff "to get a piece of timber and prize said tank up, so it could be tilted on its edge or end, to clean the tar and dirt out of the tank, in order that another drum of tar might be prepared, which plaintiff did after great and strenuous effort, because said tank was too large, hot, and heavy to be easily handled by one man." The tank was defective, in that it had a false bottom, of which plaintiff did not know; it being so placed that it did not come within his observation, and he had no knowledge of it, and the defendants failed to give him notice, or to warn him of the danger of the false bottom, but instead ordered him to hurry and clean the tank. "After petitioner had turned said tank partly upon its side, and while using a shovel, under the direct orders of defendants, in cleaning the tar out of said tank, the false bottom or loose patch, a piece of iron about eighteen inches wide and about three feet long, fell from the upper side of the bottom of the tank as it then stood down into the hot tar, and splashed said boiling tar several feet, causing a large quantity of it to strike petitioner, almost covering him from his breast to his feet, especially scalding, burning, and peeling the skin flesh," etc., describing severe injuries which he received from the hot tar, and great pain caused him thereby.

The suit is a joint one against the Gulf Refining Company and H. L. Plunkett. The negligence complained of, and specifically set out in certain paragraphs of section 10 of the petition, is as follows:

(a) "That the defendants failed and refused to furnish petitioner a safe place to work," etc.; that paragraph applying especially, of course, to the defendant company, whose duty it was to furnish him a safe place to work.

(b) "That defendants rented and caused to be used a defective boiler, tank, or vat, knowing that it was insufficient and defective and dangerous." This also, of course, refers to the defendant company.

(c) "That defendants ordered petitioner to use a broken and defective boiler and failed to notify him of the danger he was in."

(d) "That defendants were wantonly and willfully negligent in their order to petitioner to hasten and to do work he was doing at the time he was injured, as he was directed, with the boiler in the condition it was in, which condition was known to defendants;" and

(e) "That defendants were negligent in their failure to furnish petitioner good and sufficient help to do the work required of him at the time of said injury."

The defendant Gulf Refining Company is a nonresident corporation and H. L. Plunkett is a citizen and resident of the Northern district of Georgia, where the plaintiff is also a citizen and resident. The defendants have removed the case to this court, and the only reason it is not removable is that the defendant H. L. Plunkett is a citizen and resident of this district, thereby causing the case to lack the requisite diversity of citizenship.

The claim for the defendant contesting the motion to remand is that there is no cause of action set forth against the defendant H. L. Plunkett, he being guilty, at the most, of nonfeasance, and not of misfeasance, such as would make him liable jointly with the Gulf Refining Company, he being an employé, and not liable, it is contended, under the authorities, for mere nonfeasance while acting as an employé of the company. The question is, of course, whether or not plaintiff's declaration charges him with such misfeasance as would make him liable to the plaintiff for damages for the injuries received while in the employ of the Gulf Refining Company, for which company he, H. L. Plunkett, was acting as a superintendent of construction.

The claim is made that H. L. Plunkett was joined with the Gulf Refining Company as a defendant for the purpose of preventing the removal of the case to this court. Where an individual defendant, living in the same state and district as the plaintiff, is joined as a defendant with a corporation for which he was working, against which a suit for damages for injuries received is brought, and the joinder of the individual defendant is for the purpose of defeating the removal of the cause to the United States court, the case will be retained and the motion to remand the case denied. Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. In this case it is said by Mr. Justice Day:

"It is contended that this case should have been remanded upon the authority of Alabama Great Southern Railway Co. v. Thompson, 200 U. S. 206 [26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147], decided at the last term of this court. In that case it was held that upon a question of removal, where a plaintiff, in good faith, prosecuted his suit upon a joint cause of action, and the removal was sought when the complaint was the only pleading in the case, the action as therein stated was the test of removability, and if that was joint in character, and there was no showing of a want of good faith of the plaintiff, no separable controversy was presented with a nonresident defendant, joined with a citizen of the state; in other words, if the plaintiff had, in good faith, elected to make a joint cause of action, the question of proper joinder is not to be tried in the removal proceedings, and that, however that might turn out upon the merits, for the purpose of removal the case must be held to be that which the plaintiff has stated in setting forth his cause of action."

After discussing, in the opinion, the case as there presented, and as to whether or not the individual who was joined with the defendant corporation was joined only for the purpose of defeating the jurisdic-

tion of the United States court, without any real cause of action against him, and determining that the facts showed his true relation to the corporation was not such as the plaintiff alleged, the court concludes by saying:

"While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."

Here some testimony was introduced by both the plaintiff and the defendant upon the question of whether the plaintiff had stated that the purpose of suing H. L. Plunkett was to defeat a removal to the United States court. This evidence was contradictory, and while H. L. Plunkett did testify that his brother stated to him that he wanted to prevent the removal, or to quote directly, "He said, 'I am not suing you alone,' he says, 'I have to bring it in to keep it away from some sort of court,' I don't know what kind of a court," and after having his memory refreshed, stated that he said "federal court or United States court," the plaintiff denied this conversation, and stated that all he asked the defendant H. L. Plunkett (who was his brother) to do was to acknowledge service in Atlanta in order to prevent the expense of having him served at his home in De Kalb county.

I doubt if this testimony, being conflicting, is sufficient to justify a denial of the motion to remand. If H. L. Plunkett's testimony is to be taken as true, and plaintiff did state that he joined the defendant Plunkett in the suit to prevent a removal of the case to this court, it would, of course, be a fraudulent joinder; but, if the testimony of the plaintiff is to be believed, he brought the suit against him, although he was his brother, in good faith, expecting to recover from him. If this was all there was in the case on the question of removal, I should feel doubtful about my duty.

[1-3] Whether or not any cause of action is stated as against the defendant Plunkett presents a different question, however, based entirely upon the facts as stated in plaintiff's petition. Taking this declaration altogether, the only possible wrong that can be charged to the defendant Plunkett is that, knowing the tar tank to have a false bottom, he failed to give the plaintiff notice thereof. The only thing, according to the declaration, which caused injury to the plaintiff, was the falling of the false bottom into the tar, causing it to splash on the plaintiff, severely burning him. The mere hurrying of the plaintiff to do the work, or failing to furnish him additional help, does not appear, from the declaration, to have had anything to do with causing his injuries. There is nothing alleged to show that additional help, or time, would have prevented this false bottom from falling. What caused his injuries, clearly, from the petition, was a part of the bottom of the tank, or "false bottom," as it is called in the petition, falling into the hot tar, thereby splashing it on him. The most that the defendant Plunkett could be responsible for is for not telling the plaintiff of this false bottom and that it was likely to fall, and that is clearly non-

feasance. And it is well settled, I think, by the authorities, that for mere nonfeasance an employé of a corporation will not be liable to a third person for injuries received.

An interesting authority on this subject is the case of Floyt v. Shenango Furnace Co. et al. (C. C.) 186 Fed. 539, decided by Judge Amidon in the District Court of Minnesota, and especially the authorities cited in the opinion. In the case of Clark v. Chicago, R. I. & P. Ry. Co. (D. C.) 194 Fed. 505, Judge Van Valkenburgh, in the District Court for Missouri, while, on the facts in that case, granting the motion to remand a removed case, states this in the opinion:

"It must be conceded that a fraudulent joinder, made to defeat the federal jurisdiction, will not, if established, be permitted to accomplish its purpose; and the court, upon sufficient application, will look behind mere ingenuity or pleading, to the extent even of scrutinizing the facts alleged upon which the propriety of the joinder is asserted. In such cases the true rule is that the federal court upon a proper petition for removal may examine into the merits sufficiently to determine whether the allegations by reason of which a resident defendant may be joined in a state court are fraudulently and fictitiously made for the purpose of preventing removal. More than that, it is its duty to make such examination. It is undoubtedly true that the mere fact that the joinder was made for the obvious or admitted purpose of defeating the jurisdiction of the national courts will not suffice to confer the jurisdiction upon them, provided a cause of action exists against the resident defendant joined. Good faith must attend the joinder. It will not be exacted that the action must ultimately succeed, but there must be reasonable ground from the existing state of laws and facts to believe that the cause of action has merit; and it must be stated in good faith. The fraud here under consideration is simply a purpose to deny to the nonresident defendant the right of having his case tried in the jurisdiction to which he would otherwise be entitled by the unwarranted joinder as a codefendant of one against whom the plaintiff knows, or has sufficient reason in law to know, he has no legal ground for suit. This may appear upon the face of the pleading, or it may be skillfully concealed by allegations that are untrue and unjustified. The duty of this court is the same in either case, except that the latter involves inquiry into the facts stated, while the former does not. It is well settled that when it is disclosed, either upon the face of the complaint or in a showing by affidavit, or by oral testimony taken upon plea, that the plaintiff has no cause of action against the employé who is made defendant, the cause is removable by the other defendant if the proper diversity of citizenship exists between that defendant and the plaintiff"—citing Marach v. Columbia Cox Co. (C. C.) 179 Fed. 412; Lockard v. St. Louis & San Francisco R. R. Co. (C. C.) 167 Fed. 675; Chicago, R. I. & P. Ry. Co. v. Stepp (C. C.) 151 Fed. 908; Floyt v. Shenango Furnace Co. (C. C.) 186 Fed. 539.

Under the authorities I think it is perfectly clear that, if a defendant is charged with something for which he is not liable under the law, in other words, if no case in law is made against him, in the declaration, where he is joined with his employer, whether honestly or not, the removing defendant, the employer in this case, will have the right of removal; the citizenship and residence justifying it as to it. It stands as if it were a suit against the defendant against whom a cause of action is stated.

While it is unnecessary for me to decide in this case whether a cause of action is stated against the corporation, the Gulf Refining Company, I am compelled to hold that there is no cause of action stated against the defendant Plunkett. An important case, directly in point here, is

that of Macutis v. Cudahy Packing Co. et al. (D. C.) 203 Fed. 291, decided by Judge T. C. Munger, in the District Court for Nebraska. The decision by Judge Munger is brief, and is as follows:

"This cause was begun in the state court, and removed to this court, on petition of the defendant Cudahy Packing Company, showing diversity of citizenship between plaintiff and itself. The case is now presented upon a motion to remand. The plaintiff was an employé of the Packing Company, engaged in work about carcasses of beeves, and was injured by the fall of a carcass upon him. He alleges that it was the duty of the Packing Company's foreman, who is the other defendant, to repair and maintain in safe condition the appliances from which the carcass was suspended, and that it was the duty of the defendants to furnish and maintain safe appliances, and that defendants negligently allowed the appliances to be worn, defective, and unsafe, and, as a result of such condition, his injuries occurred. In this there is no allegation of facts showing a neglected duty of the foreman to the plaintiff. At most, the allegation charges no more than nonfeasance—mere omission on the part of the foreman to perform the master's duty as to inspection and repairs. For this the foreman is not liable to the plaintiff. Mechem on Agency, §§ 569, 572, 573; Kelly v. Chicago & A. Ry. Co. et al. (C. C.) 122 Fed. 286–289; Floyt v. Shenango Furnace Co. et al. (C. C.) 186 Fed. 539, 540; Clark v. Chicago, R. I. & P. Ry. Co. et al. (D. C.) 194 Fed. 505–514. The consensus of judicial opinion is such that this cannot be said to be a fairly debatable question, as is the joint liability of master and servant for the servant's misfeasance. As the plaintiff's petition discloses no cause of action against the defendant employé, nor any reasonable basis for joining him as a party defendant, it must be held that the controversy is wholly between the plaintiff and the removing defendant. Wecker v. National Enameling & Stamping Co., 204 U. S. 176–185, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

"The motion to remand will be overruled."

A decision by Judge Cochran, District Judge for the Eastern District of Kentucky, in McAllister v. Chesapeake & Ohio Railway Co. et al., 198 Fed. 660, gives a very elaborate discussion of the question involved here. Different facts were involved in that case, but decisions where suits for torts were brought against nonresident employers and an employé or employés, who were residents of the district, joined as defendants, are cited and discussed. This opinion goes thoroughly into the whole matter, and Judge Cochran holds the case then before the court to be removable, and declined to remand it, and I think the effect of his ruling is against the right of the plaintiff in this case to remand.

The Supreme Court of Georgia, in Southern Railway Co. v. Grizzle, 124 Ga. 735, 53 S. E. 244, 110 Am. St. Rep. 191, by Judge Cobb, in his opinion, said:

"An agent is not ordinarily liable to third persons for mere nonfeasance"—citing Kimbrough v. Boswell, 119 Ga. 201, 45 S. E. 977.

In that case there was a suit against the railroad company and one O'Neal, who was the engineer in charge of the train which killed the husband of the plaintiff. It was held in that case, by the Supreme Court, that the case was not removable, and the action of the state court in declining to remove it was affirmed, but the facts were so different from this case that I do not think the reasoning of the court as to the liability of the resident defendant is applicable here.

The whole of this matter resolves itself into this: In a case like this, where a resident employé is joined with a nonresident employer

as a defendant in a suit for damages, and no cause of action is stated against the resident defendant, it will be treated by the court as a case only against the employer, the nonresident of the state, for the purpose of jurisdiction. Where nonfeasance only is charged against the resident employé, no case is stated against him, because an employé is not liable to a third party, as I have stated, for mere nonfeasance in connection with some duty he owes to his employer.

In this case I am unable to escape the conclusion that, applying that rule here, no case is made against the defendant Plunkett, and it stands as a case between the plaintiff Plunkett and the nonresident corporation, which is sufficient to remove it to this court, the other requisites existing.

The order to remand must be denied.