### PLUNKETT v. GULF REFINING CO. et al.

#### (District Court, N. D. Georgia. July 2, 1919.)

#### No. 141.

REMOVAL OF CAUSES ☞61—SEPARABLE CONTROVERSY—PETITION.

    A servant's petition against his nonresident employer and employer's resident superintendent for personal injuries inflicted by a falling timber while he was working under the superintendent's directions *held* to state a joint cause of action, precluding removal to a federal District Court on ground that petition stated no cause of action against the resident superintendent, because charging him merely with nonfeasance.

At Law. Action by Andrew J. Plunkett against the Gulf Refining Company and H. L. Plunkett. On motion to remand to state court. Motion granted.

See, also, 259 Fed. 968.

Andrew J. Plunkett filed his suit in the city court of Jefferson county against the Gulf Refining Company, a nonresident of this district, and H. L. Plunkett, a resident of this district, which was removed to this court upon the ground of diversity of citizenship, it being claimed that no cause of action was stated as against H. L. Plunkett, and is now heard on a motion to remand. The allegations of the petition are:

That on or about the 16th day of March, 1917, and about 5:20 o'clock in the afternoon of said date, while petitioner was engaged in performing the duties required of him by the defendants as a carpenter, and was working on a wagon shed for the Gulf Refining Company, he was seriously, painfully, and permanently injured, without fault on his part, by being struck on the head by a piece of falling timber, which fell upon petitioner wholly because of defendants' negligence. That at the time petitioner was injured four posts, six by six inches and about sixteen feet long, had been set in holes in the ground, in a square about twenty feet on each side, which had been braced sufficiently to keep them from falling over, and also tied together by cross beams or braces. That the crew doing the work had started to true the posts, using level and plumb, after which concrete was to be poured into the holes around the posts to hold them in place. That H. L. Plunkett, who was superintendent of construction for the Gulf Refining Company, was then standing a few feet away, sighting the posts with his eye, to plumb them, and was giving orders to the men at work.

That petitioner was sitting on a pile of lumber a few feet away, and just before the brace was thrown and struck him said H. L. Plunkett, superintendent of the job for the Gulf Refining Company, ordered petitioner to nail some timbers on one of the posts to be used as a ladder in going up said post. That the brace which fell upon petitioner was one by six inches and about eighteen or twenty feet long, which had been nailed at the bottom to a pile of lumber near by and at the top to one of said posts; but said H. L. Plunkett had just had the top end of said brace knocked loose near the top of said post to adjust said post, and well knew, when he ordered petitioner to go under said brace and nail strips of timber to said post, that it would fall on any one working under it. That said H. L. Plunkett, one of the defendants, and the alter ego of the other defendant herein, failed to tell petitioner that the top of said brace had been knocked loose and was only resting against the top of said post. That petitioner, prior to the time of his injury, had not been working under or around said brace, had had no opportunity to know that the top of said brace had been knocked loose, and no reason to believe that H. L. Plunkett had negligently ordered him under a loose timber which would fall on him. That when injured petitioner was in a stooping position, his head on the right side of the six-inch post to which he was nailing strips and to the left of a brace to his right, so that when his head was struck on the left top side by the falling timber, it drove the right side of his head against the brace to his right, crushing the sutures of the skull, and producing the injuries herein shown.

That in compliance with the direct command of his master, said defendant, and after his master had assured him that there was no danger, that none of the pieces of timber would be permitted to fall upon him, petitioner returned to his work of nailing on planks or ladder rounds, and was injured as herein shown. That petitioner was at his post of duty, doing the work that he was hired to do, and as he was commanded to do, when he was struck on the head by a piece of falling timber, without notice of the danger, and without warning from any one, and almost immediately after he had been assured by his master that no piece of timber would be permitted to fall.

Hill & Adams, of Atlanta, Ga., for plaintiff.
W. Carroll Latimer, of Atlanta, Ga., for defendants.

NEWMAN, District Judge (after stating the facts as above). This is a case removed to this court from the city court of Jefferson. It is a suit for damages for injuries claimed to have been sustained by the plaintiff while at work as an employé of the Gulf Refining Company. The suit is against the Gulf Refining Company and H. L. Plunkett, who was an overseer and alleged to have been the alter ego of the Gulf Refining Company, and is now heard on a motion to remand to the state court. The claim for the defendant is that there is no case stated against the individual defendant, H. L. Plunkett; the suit being brought as a joint action against both the Gulf Refining Company and H. L. Plunkett, the employé. The Gulf Refining Company is a nonresident corporation, and H. L. Plunkett is a citizen and resident of this judicial district, the Northern district of Georgia. The petition for removal sets out:

"That there is no liability set out in said petition against H. L. Plunkett, who is also made a defendant in said cause, and who is a resident of the state of Georgia; that said petition sets out no cause of action against the said H. L. Plunkett, and it manifestly appears that he is fraudulently joined as defendant to prevent this defendant from removing said cause to the federal court. Therefore as to the said H. L. Plunkett there is no cause of action stated in said petition, so that it is a controversy between the said A. J. Plunkett, a resident of the state of Georgia, as plaintiff, and your petitioner,

the Gulf Refining Company, a nonresident of the state of Georgia, as defendant."

The sole question discussed on the motion to remand, which has been heard, is whether there was a cause of action stated in the petition in the state court against H. L. Plunkett. The defendant H. L. Plunkett claims that he is simply charged with nonfeasance, and under the authorities he is not liable to a third party for nonfeasance in the performance of the duties devolving upon him as superintendent or foreman for the defendant company; for that he would be liable only to his employer.

There is a claim here of res adjudicata on account of a former case in this court, and a motion to dismiss on the ground that no cause of action is set out against either defendant; but it is agreed that that is not for hearing here now, the sole question being one of jurisdiction. If the other question was involved—that is, general liability of either defendant—it would make a different question, and so far as the question of res adjudicata is involved the same would be true, and so might lead to a different result in determining the case from that which I shall state.

While it is not at all clear that a cause of action is set out against H. L. Plunkett—imperfectly, I think, but, so far as a cause of action is stated at all, it is a joint cause of action against both of the defendants, and is sufficient to justify it being considered as a joint cause of action. While, as I have stated, it is probably imperfectly stated, it is not so imperfect as to justify a holding that no cause of action at all is set out against the defendant Plunkett.

It is claimed that this case is controlled by what was decided in what we called "the Tar Kettle Case," 259 Fed. 968, recently decided in this court, which was a case by the same plaintiff against the same defendants, and in which it was held that no cause of action was set out against the defendant Plunkett; but I do not think so.

Consequently I think the case was nonremovable, and should be remanded to the state court, from which it was removed; and it is so ordered.